## Stewart v. Gwynn, Administrator.

[No. 5,996.  Filed December 18, 1907.  Rehearing denied February 25, 1908.]

1. REPLEVIN.—*Insurance Policy.—Demand.*—To replevy an insurance policy plaintiff should show a right of possession, and, if defendant's possession is unlawful, a demand therefor. p. 324.

2. SAME.—*Insurance Policy.—Beneficiaries.—Administrators.—Special Findings.*—Where the special findings show that decedent's administrators were the beneficiaries of his insurance policy; that no change of beneficiaries had been made; that none could be made except as set forth in the policy, and that no assignment had ever been made thereof, a *prima facie* right by the administrator to the possession of the policy is shown. p. 324.

3. INSURANCE.—*Beneficiaries.—Assignment.*—Where the assured's administrator is named as beneficiary in his policy, a third person, who has possession of the policy, has no right, as shown by the policy itself, to the proceeds thereof; but such policy, being a mere chose in action, may be transferred by delivery, without a written assignment. p. 324.

4. TRIAL.—*Burden of Proof.—Insurance.—Beneficiaries.—Assignments.*—In an action by the designated beneficiary for the possession of a policy of insurance providing that no change of beneficiary "shall take effect until indorsed" on the policy, the burden of proving the right of possession thereto is upon the defendant; and mere possession thereof is not sufficient to defeat the designated beneficiary's right thereto. pp. 324, 325.

5. INSURANCE.—*Beneficiaries.—Change of.—Equity.*—Though a company's rules, or the policy itself, provide against a change of beneficiary, courts of equity have power to decree as done that which ought to be done and give effect to an attempted assignment, either when the company, by some act of its own, waives a strict observance of its rules, or when it is beyond the power of the assured to comply literally with the requirements of the contract. p. 325.

6. TRIAL.—*Special Findings.—Conclusions of Law.*—Evidentiary facts in a special finding will be disregarded, and where the findings contain the facts essential to the cause of action, conclusions of law thereon for the plaintiff cannot be disturbed.  p. 325.

7. APPEAL.—*New Trial.—Evidence Not in Record.*—Where the evidence is not in the record, a motion for a new trial depending thereon will not be considered.  p. 325.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by Lorenzo D. Gwynn, as administrator of the estate of John J. Stock, deceased, against Eliza M. Stewart. From a judgment for plaintiff, defendant appeals.  *Affirmed:*

*James W. Brissey* and *John E. Ethell,* for appellant.
*C. W. Kinnan* and *Bingham & Long,* for appellee.

COMSTOCK, J.—Appellee, plaintiff below, brought this action in replevin against appellant to recover the possession of a certain life insurance policy, issued by the New York Life Insurance Company, on the life of John J. Stock, deceased.  The complaint is in one paragraph, and alleges that John J. Stock departed this life on March 31, 1904, intestate; that appellee was duly appointed administrator of his estate; that said Stock was the owner of a policy of life insurance for the sum of $1,000, payable to the executors, administrators or assigns of said decedent; that the beneficiaries in said policy were never changed or ordered changed by said decedent, nor did said decedent ever assign said policy to any person; that the plaintiff is the legal owner of said policy, and is entitled to its possession, but the same is wrongfully and unlawfully detained from the plaintiff by the defendant, who has taken possession thereof without right; that on April 14, 1904, plaintiff demanded possession of said policy from the defendant, which defendant then and there refused.  A demurrer for want of facts was overruled, and the cause put at issue by general denial.  The complaint was filed in the Delaware Circuit Court, and on

change of venue the cause was tried in the Henry Circuit Court. The cause was tried by the court without the intervention of a jury, special findings made, conclusions of law stated thereon, and judgment rendered that the plaintiff recover from the defendant the life insurance policy in question, that said policy was of the value of $1,000, that the plaintiff is entitled to the possession of the same, and that the plaintiff recover of and from the defendant his costs and charges herein laid out and expended.

The errors assigned and discussed are that the court erred in its conclusions of law numbered one, two and three, respectively, and in overruling appellant's motions for a *venire de novo* and for a new trial.

The court stated three conclusions of law. (1) The defendant Eliza M. Stewart has no right, title or interest in the policy of life insurance on the life of John J. Stock, deceased, described in the complaint, and is not entitled to the possession thereof; (2) the plaintiff, Lorenzo D. Gwynn, as administrator of the estate of John J. Stock, deceased, is the owner of and entitled to the possession of said policy of life insurance No. 3,488,538, and was entitled to the possession thereof at the time of the commencement of this action; (3) plaintiff is entitled to judgment against the defendant for the possession of said policy and the costs of this action. By the special findings it is shown, in substance, that Eliza M. Stewart, the defendant, is a resident of Delaware county, Indiana; that said John J. Stock departed this life intestate on March 31, 1904; that at the time of his death he was a resident of Blackford county, Indiana; that on April 4, 1904, the plaintiff, Lorenzo D. Gwynn, was appointed administrator of the estate of said decedent by the circuit court of Blackford county, Indiana; that he duly qualified, and has been and still is acting as administrator of the estate of said decedent; that on October 2, 1903, the New York Life Insurance Company of the city and state of New York issued and delivered to said John J. Stock a policy of insur-

ance on the life of said Stock, being policy No. 3,488,538, for the sum of $1,000; that said policy was payable to the executors, administrators or assigns of said John J. Stock, and the same was in full force and effect at the time of his death, and was the contract and agreement between said company and said Stock at the time of the latter's death as aforesaid (a verbatim copy of the policy is set out); that on March 31, 1904, and continuously to the date of the findings, said policy was, ever since has been, and is now, of the value of $1,000; that there has been no assignment of any description of said policy, legal or equitable, to the defendant, or to any one for her, and there has been no change of beneficiary and no designation or declaration of absolute beneficiary in or under said policy; that on said March 31 said policy was in the possession of the defendant, Eliza M. Stewart, in Delaware county, and continued in her possession until April 28, 1904; that on April 11, 1904, the plaintiff made demand on the defendant for possession of said life insurance policy, and said defendant refused to surrender same to him.

The court also finds the filing of the plaintiff's complaint in the Delaware Circuit Court, the issuing and delivering to the sheriff of said county of the writ of replevin, directing the sheriff to seize said policy and deliver the same to the plaintiff, the seizure by the sheriff of said policy of insurance and its timely delivery to the plaintiff, as provided by statute, and that the plaintiff has continued to hold possession thereof since its said delivery on April 30, 1904, at 9 o'clock; that claims have been filed in the office of the clerk of the circuit court of Blackford county against the estate of said John J. Stock, aggregating the sum of $1,857.64; that the estate of said Stock is now indebted to sundry parties, and said indebtedness, except as to funeral expenses, was incurred and existed on and prior to March 16, 1904; that said policy contained, among other things, the following provisions, to wit:

"No designation or change of beneficiary or declaration of an absolute beneficiary shall take effect until indorsed on this policy at the home office. No notice of change of beneficiary or declaration of the absolute beneficiary shall take effect until indorsed upon this policy at the home office. Any assignment of this policy must be in duplicate, and both sent to the home office, one to be retained by the company and the other to be returned. The company has no responsibility for the validity of any assignment."

That the policy described in the complaint is the same policy issued by said insurance company to said decedent, Stock, and demanded by the plaintiff from the defendant and taken by the sheriff under the writ of replevin and delivered by said sheriff to the plaintiff as heretofore set out.

The ultimate facts necessary to warrant a recovery by appellee are the right to possession of the policy in the plaintiff, and, if defendant's possession was unlawful, the demand therefor. The demand is found.

The facts found show that the policy was issued with the executors, administrators or assigns of said Stock as beneficiaries; that no change had been made in the beneficiaries; that no change could be made, except in the way set out in the policy; that no assignment of the policy was ever made therein, or any notice given to the insurance company. These facts make a *prima facie* case in favor of appellee.

Upon the face of the policy, appellant was not entitled to the proceeds thereof. An insurance policy is a chose in action and may be transferred by delivery without writing. *State, ex rel.,* v. *Tomlinson* (1897), 16 Ind. App. 662, 676, 59 Am. St. 335; *Marcus* v. *St. Louis Mut. Life Ins. Co.* (1877), 68 N. Y. 625.

But where by the terms of the policy it appears that mere delivery will not give any right as against the beneficiary named therein, the presumptions which arise from bare possession are rebutted, and the burden shifts. The policy providing that the transfer or change of

beneficiary should be made as found in the special findings, the burden was upon appellant to show why the provisions of the policy should be disregarded. An insurance company may forfeit a strict observance of its own rules.

5. It may be beyond the power of the insured to comply literally with the requirement of the contract. The insured may have done all in his power to change the beneficiary, but death or other intervening acts have prevented the change or transfer. Under such facts, a court of equity will decree that as done which ought to have been done. *Supreme Conclave, etc.,* v. *Cappela* (1890), 41 Fed. 1.

The existence of neither of these exceptions to the general rule is found. While there are conclusions of law and evidentiary facts stated in the findings which we

6. have not set out and which we must disregard, there are facts sufficient to justify the conclusions of law, and the judgment was properly rendered thereon.

The motion for the *venire de novo* was properly overruled. The questions presented by the motion for

7. a new trial depend for their solution upon the evidence, and no attempt is made to make it a part of the record.

Judgment affirmed.

## On Petition for Rehearing.

COMSTOCK, J.—Upon petition for rehearing, in behalf of appellant, it is insisted that the court erred in holding that when, by the terms of a policy, it appears that mere

4. delivery will not give any right as against a beneficiary named therein, the presumptions which arise from bare possession are rebutted. The case of *Richardson* v. *Moffitt-West Drug Co.* (1902), 92 Mo. App. 515, 69 S. W. 398, is in some of its features analogous to the case at bar. In the case mentioned, the life policy of plaintiff's intestate, payable to his administrator, was in the possession of and paid to the defendant at the death of the insured. A

demand was made of defendant for the money paid defendant on the policy. No evidence was offered to show that the policy had been assigned, or the nature of the defendant's claim to it or its proceeds. The opinion is lengthy, and cites numerous decisions. In the course of the opinion it is said: "The salient fact in the case is that the policy of insurance bears no assignment on it, in writing, to the defendant and no assignment or pledge, either verbal or written, was shown; nor does anything appear in regard to the defendant's right to the proceeds, except the inference which may be drawn from its having the policy in its possession, or such further inference as may be deduced from the allegations of the petition. * * * Wherefore it is said that, as the proceeds of the policy were paid to the defendant who held the instrument, it must be presumed defendant was the assignee thereof. Does the legal presumption about the usual course of business being followed in all transactions until the contrary is shown, authorize any such deduction in this case, as the respondent endeavors to draw from it? We think not, and that the presumption upon which the respondent relies is wholly inapplicable here, because it is met and countervailed by the positive legal rule or presumption that a person once shown to have had the title and ownership of personal property, or choses in action, is presumed to continue the owner thereof until an alienation of the property is shown, and the party relying upon the fact of such alienation must prove it."

The opinion refers to *Vastine* v. *Wilding* (1869), 45 Mo. 89, 100 Am. Dec. 347. Vastine was a public administrator in charge of the estate of Berger, deceased, who had in his lifetime deposited a sum of money in the United States Saving Institution of St. Louis, and received a certificate of deposit from said institution. The certificate of deposit was found among the papers of Lewis Chrisner, by his administratrix, after the death of Berger, and said administratrix

turned it over to Wilding for collection. There was no testimony tending to throw any light as to how it got among Chrisner's papers, or into his possession, or as to the ownership of it, except what appeared on its face. Vastine demanded possession of it as the property of Berger's estate, but Wilding refused the demand, claiming to hold it as the property of Chrisner's estate, and then Vastine brought suit for it. In the opinion the court say: "The certificate itself establishes beyond controversy the fact that Berger was its original owner; that he deposited the fund, and as evidence of his title, took a certificate of deposit payable to his own order. His title thus acquired must be presumed to continue until a divestment of it is shown, and a mere manual delivery of the paper without indorsement, and un-accompanied with evidence of a consideration paid would not of itself pass title." Further on it is said: "There is nothing but the naked, unexplained possession to justify the pretensions of the Chrisner estate to ownership. If the fact of once having been the owner of personal chattels raises the presumption of a continued title, as in *Magee* v. *Scott* [1851], 9 Cush. 148, how decisive should that presumption be in a case like the present, when the paper in dispute points out and designates the plaintiff's intestate as being the true owner, and having upon it no mark or sign suggestive of a change of title." Besides the foregoing, the opinion cites and discusses numerous cases, and holds that the custody of the insurance policy raised no presumption that the defendant owned it and was entitled to collect and retain the money due on it at the death of the insured.

Eliminating all the conclusions found in the case at bar— (appellant does not attempt to bring up evidence)—the only interest of appellant shown in the policy in suit is that dependent upon its naked possession at the time of the death of the insured. As, by the terms of the policy, mere delivery gave no right as against the beneficiaries, namely, the ex-

ecutors, administrators or assigns, it devolved upon appellant to show some right or title therein beyond that arising from bare possession.

Petition for rehearing overruled.