SAITER ET AL. *v.* MILLER, ADMINISTRATOR.

[No. 16,291.   Filed June 17, 1940.   Rehearing denied October 15, 1940.]

*Lewis & Lewis,* of Vincennes; *Patrick J. Fisher, Charles E. Henderson,* and *Arthur L. Gilliom,* all of Indianapolis, for appellants.

*Kessinger, Hill & Arterburn,* of Vincennes, for appellee.

CURTIS, J.—On April 2, 1921, the Western and Southern Life Insurance Company, one of the defendants below, duly executed a life insurance policy to Frank A. Bolk, calling for the sum of $5,000.00, with his wife, Nina May Bolk, named as beneficiary therein and with the provision that if she died before the insured died the proceeds thereof should be paid to his administrator,

less any sum borrowed by the insured on the policy. She died in October, 1934, before the insured died.

The insured paid all of the premiums on the policy until on February 8, 1937, when he became in arrears thereof and was called to the office of said insurer by its manager. He was advised by the manager of his delinquency in premiums and he stated that he was considering surrendering the policy for its cash value, whereupon said manager induced him to continue the policy. He paid the premium so in arrears and the policy was continued in force and remained in force until his death. The manager suggested that since his wife was dead, he should change his beneficiary, whereupon the insured signed the written form or blank provided by the insurance company as directed by said manager, and expressed and indicated therein that he desired as his new beneficiaries Ida Saiter, his sister-in-law, Geneva Lee, his niece, and Frank Bolk, Jr., his nephew, the appellants herein.

The insured died on the 24th day of February, 1937, and on the 1st day of March, 1937, the appellee was duly appointed the administrator of his estate, and by his complaint sought to recover the net proceeds of the policy.

To the appellee's complaint the appellants filed an affirmative answer alleging that the insured had, on the 8th day of February, 1937, substituted the appellants as his beneficiaries and that as such beneficiaries they were entitled to the proceeds of the policy, to which answer the appellee filed a demurrer, which was overruled. The appellee then filed a reply in general denial to this paragraph of answer. The appellants then filed a cross-complaint against the insurance carrier and the appellee setting up in amplified form the same facts set forth in said affirmative answer, wherein

said cross-complainants sought to recover the net proceeds of the policy on the theory that the insured had made the appellants his new beneficiaries, in lieu of his estate, to which the appellee filed a demurrer on the same grounds as the demurrer to the affirmative answer, as aforesaid, and the same was overruled. Thereupon the appellee filed a answer in general denial to the cross-complaint.

The insurance carrier filed an interpleader, admitting liability on the policy and praying for an order to pay the net proceeds of the policy to the clerk of the court and that it be discharged from all liability on the policy. There being no dispute as to the amount of the insurance company's liability the same was ordered paid under the interpleader into the clerk's office which was accordingly done and the company discharged. As to the insurance company there is, therefore, no controversy.

On the issues presented by the complaint and cross-complaint the cause was submitted to the court for trial without the intervention of a jury, resulting in a general finding in favor of plaintiff (appellee) below as follows:

> "Come now the parties herein by their respective attorneys and the trial of this cause having heretofore been had and the same having been taken under advisement by the court, the court now finds for the plaintiff in the sum of four thousand one hundred ninety-seven dollars and two cents ($4,197.02).
> "The court further finds that the cross-complainants, Ida Saiter, Geneva Lee and Frank Bolk, Jr., should take nothing by their cross-complaint herein."

The judgment was in accordance with the finding.

The appellants seasonably filed a motion for a new trial which was overruled and this appeal followed,

the error assigned being the ruling on said motion. The causes or grounds of the motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

There is no conflict in the controlling facts as disclosed by the evidence. It may be summarized as follows: On April 2, 1921, the Western and Southern Life Insurance Company executed what is frequently referred to as an "old line" life insurance policy on the life of the decedent, Frank A. Bolk, in the sum of $5,000.00, with his wife named as beneficiary therein and with the provision that if she died before the insured the proceeds should be paid to the insured's administrator, less any sum borrowed by the insured on the policy; that the wife died in October, 1934; that the insured paid all of the premiums on the policy until in February, 1937, when he became in arrears; that the home office of the insurance company was at Cincinnati, Ohio, but that it had for many years maintained an office in the City of Vincennes, Indiana, in charge of an agent and manager; that the decedent lived in Vincennes; that said manager of said office called the decedent's attention to the fact of the delinquent premiums, whereupon the decedent went to said office and stated to the said manager that he was considering surrendering the policy for its cash surrender value; that the manager then induced him to pay the delinquent premium, which he then did, and that the policy was thus kept in full force and effect and remained so until the death of the insured; that in the conversation between the manager and the insured it was disclosed that the original beneficiary, the wife of the insured, had died several years previously, whereupon, according to the manager's evidence, he suggested to the insured that some arrangement be made regarding a change of

beneficiary; that the insured then finally said that he thought he would name his sister-in-law, Ida Saiter, a niece, Geneva Lee, and a nephew, Frank Bolk, Jr. (appellants), as beneficiaries; that the manager then provided the insurance company's printed form for a change of beneficiary and the names of said new beneficiaries were written into the said form and then the form was signed by the insured and witnessed by the said manager and left with the manager; that said printed form was denominated "Change of Beneficiary," Form O-377, The Western and Southern Life Insurance Company, and contained substantially this language: I hereby state that I am the insured under Policy No. 105088A and hereby request change of beneficiary from Nina May Bolk (the deceased wife) to Ida Saiter, sister-in-law, Geneva Lee, niece, and Frank Bolk, nephew, with right of revocation. I have not been adjudicated a bankrupt, nor is this policy now assigned. It was signed by Frank A. Bolk, insured, and witnessed by Elmer M. Guthardt, the said manager, and dated at Vincennes, Indiana, February 8, 1937. The form contained a place for ages to be inserted and contained the words "effective only upon endorsement on policy and not prior thereto." This change of beneficiary form as executed was not sent to the home office of the company by the said manager until after the death of the insured, which occurred sixteen days later, on the 24th day of February, 1937; that the said manager told the insured that the blank change of beneficiary form contained a place for the ages of the new beneficiaries to be inserted and asked the insured to get that information and bring it into said office with the policy; that the policy of insurance was already at the home office of the company and had been there for some time as collateral to a loan on the policy but that neither

the manager nor the insured on the date of their said transactions knew or remembered where the policy was; that the said insured did not furnish the ages of the new beneficiaries to the manager; that the policy of insurance did not require that any information be given as to the ages of the new beneficiaries when a change of beneficiaries was made; that the manager was of the opinion that after the death of the insured a first check was sent by the insurance company payable to the new beneficiaries (appellants) and the appellee but that it was returned to the company and a new one issued later; that the insured did not order the said manager to send said change of beneficiary blank signed by him as before mentioned to the home office of the insurance company; that the insured had a conversation on February 12, 1937, with the mother of the appellant, Frank Bolk, Jr., in which, according to her evidence, she told the insured that her said son was still in the Knox County Orphanage; that he inquired about the child's age and said he had made over his insurance to "Ide," Geneva and Frankie (appellants), and that the mother need not worry, as a way would be provided when he (insured) died. In this connection the insured also said that he couldn't find the policy but that when he found it he would send it in and when it came back she was to get it and lock it up in her safety deposit box and take care of it.

Upon the above evidence the trial court concluded that the insured had not substituted the appellants as the new beneficiaries in the policy and gave judgment against said beneficiaries. In our opinion, under the equitable rules applicable, said appellants were substituted as the new beneficiaries and they should have had a judgment in their favor.

The appellee contends that the said manager of the

insurance company was the agent of the insured. We do not concur in that conclusion. He was the manager of the Vincennes office of the insurance company and at the particular time in question he collected from the insured the delinquent premiums, explained the policy provisions to the insured, provided the company's written blank for change of beneficiaries and witnessed the signature of the insured to said blank and then signed his own name as witness, dating it on the day in question and showing that it was in the "District of Vincennes." In his conversation with the insured, among other things he said: "Another provision is that the policy accompany these forms to *our* (our italics) home office for change of beneficiary." The word "our" does not denote that it referred to the insured. The manager's evidence further was that the insured gave him all of the information "he was able to give." It is to be remembered that the policy at that time was and for some time previously had been at the home office of the company. The information asked for by the manager as to the ages of the beneficiaries was neither a policy requirement nor a statutory requirement. Its only importance in the litigation as an item of evidence is that the appellee contends first that the said manager was the agent of the insured and secondly that this age information was to be given to the manager before he sent the change of beneficiary form to the home office. In this manner the appellee would have us hold that the change of beneficiary was not a completed act in so far as the insured could complete it. In this connection the appellee says that the evidence does not show that the insured ordered the manager to send the change of beneficiary form to the home office. We call attention to the fact that the manager was not subject to the orders of the insured. He was the company's

agent and it was his duty to the company, no doubt, to send the change of beneficiary form to it. He finally did but not until after the death of the insured. We do not believe that the said manager's failure to send it before the death of the insured, which occurred only a few days after it was signed, has the controlling effect to defeat the insured's wish as expressed in said change of beneficiary form. The written form as filled in and used in the instant case as an order to change the beneficiary is clear, unconditional and unambiguous. Notwithstanding the fact that the age information was not furnished by the insured before his death, which occurred soon after the request, as heretofore pointed out, yet he made an attempt to get it together with the policy. His death intervened. We cannot construe the evidence as showing any indecision of the insured as to a change in the beneficiary or that it was conditional. While a situation might arise whereby an agent could step aside from representing his principal and during such time represent one transacting business with his principal, especially if both parties knew of such fact and acquiesced, yet there is nothing in the instant case to warrant a conclusion that there was any such stepping aside of said manager.

It might readily be conceded that if the said manager of the insurance company was in fact the agent of the insured and as such agent of the insured was waiting for an order from the insured to send the change of beneficiary form to the insurance company, that then there might be merit in the appellee's contention, but such was not the situation. When the evidence is all considered we do not believe it to be susceptible to a proper conclusion or inference that the insured was in any manner undecided as to the said change of beneficiary or that the change was conditional.

We think that his will was fully and completely expressed in the said written request that the appellants be his new beneficiaries. What remained to be done was for the company or its agent or manager to do. Under the authorities we think that the change of beneficiary was effective. The rule laid down by Judge Cooley in his Briefs on Insurance, page 3769, Volume 4, has been recognized by the courts of the country almost unanimously. We quote the rule as follows: "If, however, the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the association, the change will take effect though the formal details were not completed before the death of the insured." In the case of *Stewart* v. *Gwynn* (1908), 41 Ind. App. 320, 82 N. E. 1000, 83 N. E. 753, it is said, "It may be beyond the power of the insured to comply literally with the requirement of the contract. The insured may have done all in his power to change the beneficiary, but death or other intervening acts have prevented the change or transfer. Under such facts, a court of equity will decree that as done which ought to have been done." The rules as to change of beneficiary in a fraternal benefit society are usually more strictly enforced than are the rules as to a change of beneficiary in an "old line" company such as we have in the instant case, but equity will go far even when such insurance is involved to see that a change of beneficiary will not be defeated by mere lack of completed details. See: *Heinzman, Gdn.* v. *Whiteman, Admr.* (1924), 81 Ind. App. 29, 139 N. E. 329; *Isgrigg, Executor* v. *Schooley* (1890), 125 Ind. 94, 25 N. E. 151. For additional cases throwing an interesting light upon the instant case see: *Northern Life Insurance Co.* v. *Burkholder,* 131 Oregon 537, 283 P. 739;

*Skamoricus* v. *Konagiskie* (1935), 318 Pa. 128, 177 Atlantic 809; *White* v. *White* (1922), 194 N. Y. S. 114; *Stewart* v. *Stewart* (1930), 90 Ind. App. 620, 169 N. E. 593, and cases cited.

It is to be remembered in the instant case that the contest is not with the insurance company. It admitted liability and paid the proceeds of the policy into court on an order of the court upon an interpleader filed by it. The contest here is between the appellants who were named by the insured as his new beneficiaries after the death of the original beneficiary, who was his wife, and his estate. He owned this policy and had a perfect right under the law and under the policy to name his relatives, the appellants, as his new beneficiaries. This we think the evidence conclusively shows that he did in so far as he had the power to do. What else remained to be done was to be done by the company. The policy reserved the unrestricted and absolute right in the insured at his will, to change the beneficiary. The statute, § 39-4210, Burns' 1933 (Supp.), provides for a change of beneficiary under such circumstances. The language in said section "subject to any existing assignment of the policy" is the same in legal effect as that found in many of the states and the courts, where the question has been decided have correctly held that such language refers to an assignment of the policy to some third person and not to a situation where the policy is assigned to the insurance company to secure a policy loan.

The motion for a new trial should have been sustained. Judgment reversed with instructions to sustain the motion for a new trial and to enter judgment in favor of the appellants upon their cross-complaint and against the appellee upon the complaint.

Note.—Reported in 27 N. E. (2d) 900.