Malcolm BORGMAN, Defendant-Appellant,

v.

Patricia BORGMAN, Plaintiff-Appellee,

Metropolitan Life Insurance Company, Defendant and Interpleader Plaintiff-Appellee,

and

Dennis Doerflinger, Defendant-Appellee.

No. 1–980A235.

Court of Appeals of Indiana, First District.

May 19, 1981.

Rehearing Granted June 24, 1981.

Phillips B. Johnson, Johnson & Eaton, Versailles, for defendant-appellant.

John T. Lorenz, Kightlinger, Young, Gray & De Trude, Indianapolis, William O. Smith, Greensburg, for Patricia Borgman.

Robert P. Johnstone, Peter J. Rusthoven, Barnes, Hickam, Pantzer & Boyd, Indianapolis, Karl F. Walker, Rolfes, Garvey, Walker & Robbins, Greensburg, for Metropolitan and Dennis Doerflinger.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

This is an appeal by defendant-appellant Malcolm Borgman (Malcolm) from an adverse judgment in the Decatur Circuit Court in favor of plaintiff-appellee Patricia Borgman (Patricia), awarding Patricia the proceeds of a life insurance policy on the life of her husband, Gene Borgman (Gene), who was the son of Malcolm Borgman. This is the second appeal in this case. The first appeal was from a summary judgment in favor of Patricia. In an unpublished decision [1] this court, having found the existence of a genuine issue of material fact, reversed the summary judgment and remanded the cause for trial. The instant appeal is from the judgment of the trial court, after the trial, in favor of Patricia.

We affirm.

## STATEMENT OF THE FACTS

We adopt the facts as stated by Judge Lybrook [2] in the opinion entered upon the first appeal of this cause:

"The following facts are undisputed by the parties. In June, 1974, Gene Borgman (Gene), who was Malcolm's son and Patricia's fiancee, requested that an agent of Metropolitan Life Insurance Company issue an insurance policy on Gene's life naming Patricia as beneficiary. The agent advised Gene that a family member should be named as the beneficiary, so Gene designated Malcolm, after being advised that the policy could be changed after the marriage. Gene and Patricia were subsequently married in September, 1974. A few weeks later, the agent met with Gene to see if he wanted to exercise his option to purchase more insurance. The agent also suggested that Gene change the beneficiary, or change the policy to a family plan where-

---

1. *Malcolm Borgman v. Patricia Borgman, Metropolitan Life Insurance Company, and Dennis Doerflinger,* (filed September 12, 1979) Ind. App. No. 1–179–A–1.

2. Judge Lybrook retired from this court on October 1, 1979.

in his wife would automatically become the beneficiary. The agent told Gene that he had with him the change of beneficiary form required to make the change. Gene stated that he wanted Patricia to be the beneficiary, but said he did not want to change the policy until he had talked to Patricia since she was covered by another policy at her place of employment. That conversation was the last meeting between the agent and Gene Borgman. Gene was killed in a car accident in January, 1975.

At trial, Patricia and Malcolm both filed motions for summary judgment. The trial court granted Patricia's motion and awarded her the proceeds of the policy."

Upon those facts this court undertook the following analysis:

" 'In reviewing the issue of changing insurance beneficiaries, we note that Indiana adheres to the rule that in order to have a valid change of beneficiary, there must be substantial compliance with the requirements of the policy. *Saiter v. Miller*, (1940) 108 Ind.App. 373, 27 N.E.2d 900. *Elliott v. Metropolitan Life Ins. Co.*, (1946) 116 Ind.App. 404, 64 N.E.2d 911, reflects the law of this state that an insured can make a valid change of beneficiary without completing the ministerial acts involved if the insured has done everything in his power to effect such a change.

*Hoess v. Continental Assur. Co.*, (1960) 130 Ind.App. 562, 164 N.E.2d 125, is very similar to the case at bar. In *Hoess, supra,* the insured was married and he named his wife as beneficiary. Later he was divorced and remarried, but he did not change the policy to make his second wife the beneficiary. The insurance agent testified at trial that the insured had asked that the change be made, but the agent did not carry out the request. The court maintained that there had not been substantial compliance with the change of beneficiary requirements stating:

"If the decedent, knowing who was designated as beneficiary, desired a change, it was incumbent upon him to exercise his right to change the beneficiary as the master policy provided. . . . A mere oral request in and of itself is not sufficient to comply with the terms of the policy governing a change of beneficiary.

This is not such a case where the insured has done all in his power which he can do to change the beneficiary, and then some intervening cause or his death before the change is effective has occurred preventing the effectuation of the change so that a court of equity will decree that to be done which ought to be done." *Hoess, supra,* at 569. *See also, Heinzman, Gdn. v. Whiteman, Admr.,* (1923) 81 Ind.App. 29, 139 N.E. 329.' "

The court then concluded, regarding the issue,

"In the case at bar, a question of fact remains as to whether or not Gene did 'everything within his power' to effect a change of Beneficiary from Malcolm to Patricia. Gene did not make an oral request to change the beneficiary on the policy in question, but only an expression of intent to do so. Whether or not such expression satisfies the *Elliott, supra,* standard is a question for the finder of fact."

The cause was thus remanded for trial in order to resolve that factual issue.

Following trial, judgment was entered in favor of Patricia. Facts supportive of that judgment reveal that at the time Gene executed the application for the policy of insurance he was betrothed to Patricia and expressed his desire that she be designated beneficiary. His wish was frustrated since agent Doerflinger advised him of Metropolitan's attitude which disapproved the designation of a nonrelative as beneficiary. Doerflinger advised Gene to designate his father, Malcolm, until such time as Gene married and could then change the beneficiary to Patricia. The policy was issued on June 1, 1974; Patricia and Gene were married on September 14, 1974. Patricia had

possession of the policy after the marriage until Gene took the policy to his place of business for the purpose of meeting with Doerflinger and securing the beneficiary designation change. Patricia and Gene had agreed to each name the other as beneficiaries on their various life insurance policies. Indeed, Gene effected such a change of beneficiary on a separate policy he had with his employer.

Sometime prior to Thanksgiving, 1974, Doerflinger approached Gene at his office concerning an option in the previous policy to buy more insurance. Discussion was had about changing the policy to a family plan wherein the spouse would automatically be the beneficiary. Doerflinger acknowledged that Gene, during their discussion, told him, relative to changing the beneficiary, "lets get this thing changed." The procedure for changing the beneficiary was to insert the policy number as well as the name of the new beneficiary onto a standard form prepared by the company and to forward it thereto. Although Doerflinger had the necessary form with him at the time of this meeting, Gene did not tell him to execute the procedure. This was the last meeting of Gene and Doerflinger. Doerflinger confirmed that he knew all along that Patricia was the intended beneficiary.

Gene was killed in an automobile accident on January 5, 1975. There is evidence that in the period between his last meeting with Doerflinger and December, 1974, Gene attempted numerous times to reach Doerflinger to execute the beneficiary change but was each time unsuccessful in contacting him. Gene's fellow employees testified to hearing Gene slam down the telephone receiver following several such futile attempts and state at least once, "That damn Doerflinger. I can't get him to come to change that beneficiary."

## ISSUES

We restate the issues assigned by Malcolm for review as follows:

I. Whether the trial court erred in determining that compliance with the terms of the policy and the applicable Indiana statute, Ind.Code 27–1–12–14, relative to changing a beneficiary is not in all situations required to effect such change;

II. Whether an oral expression of intent to change a beneficiary by an insured may constitute substantial compliance with the terms of an insurance policy;

III. Whether there is sufficient evidence to support the trial court's determination that the insured, Gene, had done "everything within his power" to effect a change of beneficiary.

Patricia contends that the questions raised in Issues I and II were determined by this court in the first appeal and as such constitute the "law of the case." As to Issue III, Patricia contends there is sufficient evidence to support the trial court's implied finding that Gene had done "everything within his power" to effect a change of beneficiary.

## DISCUSSION AND DECISION

*Issues I and II.    The law of the case*

■ Patricia contends that the legal questions raised by Malcolm in Issues I and II, which were resolved adversely to Malcolm in the initial appeal of this cause, constitute the law of the case for purposes of this, the second appeal, and may not be here redetermined. We agree. While Malcolm concedes on reply the vitality of the law of the case doctrine, he urges that its application in this appeal does not foreclose our consideration of these issues.

In *Fair Share Organization v. Mitnick*, (1964) 245 Ind. 324, 198 N.E.2d 765, our Supreme Court stated,

"The decision of a court of appeals rendered upon a given state of facts becomes the law of the case applicable to such state of facts. Of course, upon a new trial, if new evidence is introduced and a new state of facts presented, we have a different case, and the trial court is not conclusively bound by the previous decision; but if the cause is submitted for a retrial upon the same facts which the decision was originally rendered, such de-

cisions (sic) remains the law of the case and the trial court is bound thereby, as well as an appellate court on a subsequent appeal. *Egbert v. Egbert, et al.* (1956) 235 Ind. 405, 132 N.E.2d 910; 2 I.L.E., *Appeals*, § 478."

245 Ind. at 327. *See also, Hinds v. McNair,* (1980) Ind.App., 413 N.E.2d 586.

The law of the case principle may not be invoked except as to such questions as have been actually considered and determined at trial. *Egbert v. Egbert,* (1956) 235 Ind. 405, 132 N.E.2d 910. The doctrine, further, is applicable whether the decision in the earlier appeal is right or wrong. *Stickler v. Live Stock Insurance Association,* (1920) 73 Ind.App. 508, 127 N.E. 831.

The facts adduced at the trial did not differ in any essential respect from those found to be undisputed upon consideration of the initial motions for summary judgment, and Malcolm in reply points to no such difference. This court necessarily found in its earlier decision that, as a matter of law, absolute compliance with the statutory and contractual procedures for changing a beneficiary is not in all situations required to effect such a change; otherwise, determination of the ultimate factual issue, upon remand, could have produced no legally significant effect. We may not reconsider Issue I.

As to Issue II, this court specifically determined in its earlier decision that Gene's actions constituted "only an expression of intent" to change the beneficiary, yet considered it necessary for the finder of fact to determine whether such actions amounted to his having done "everything within his power" to effect the changing of beneficiary. We may not reconsider the issue of substantial compliance raised in Issue II.

*Issue III. Sufficiency*

We finally consider the only issue raised by Malcolm that is available for our consideration: Whether there is sufficient evidence to support the trial court's determination that Gene had done "everything within his power" to change the beneficiary. We think the evidence was sufficient.

The facts as related above reveal that Gene had intended all along that Patricia be nominated beneficiary of his life insurance policy. This was known to Doerflinger at all times. At their last meeting, following Gene's marriage to Patricia, Gene told Doerflinger, "let's get this thing [beneficiary designation] changed." Yet Doerflinger, as insurance agents are wont to do, proposed that Gene buy additional insurance and consider changing his individual policy to a family policy. Prudently, Gene waited to act on these proposals until he could consult with Patricia to ascertain the true extent of his new family's insurance program. Later, Gene almost frantically attempted to contact Doerflinger to make the beneficiary change.

Under certain conditions and circumstances equity will apply equitable principles to aid in completing an incomplete change of beneficiary in an insurance policy. *Elliott v. Metropolitan Life Insurance Company,* (1946) 116 Ind.App. 404, 64 N.E.2d 911. *See also, Hoess v. Continental Assurance Company,* (1960) 130 Ind.App. 562, 164 N.E.2d 125. We find such circumstances present in the instant case. It is conceded in hindsight that at the final meeting with Doerflinger, Gene might have been more insistent in securing execution of the change of beneficiary form; indeed, Doerflinger was then in possession of such a form. At the time, however, the agent had other matters on his mind, namely, selling more insurance. The finder of fact may have reasonably found that Gene's attention was thus diverted from his expressed immediate intention to consideration of matters attendant to the agent's new proposals. Shortly after the meeting, with an urgency that appears now to have been strangely prescient, Gene made efforts to do the act he had intended but failed to do at his last opportunity. It is further significant that Gene never intended that Malcolm be designated beneficiary except insofar as that designation allowed for a more expedient issuance of the policy. The case thus differs from cases in which the in-

sured, at the time of the issuance of the policy, fully intends that the person named as beneficiary have that status, but a succeeding event, such as divorce or dissolution of a business relationship, occurs that would make the insured want to change the beneficiary, but death intervenes before strict compliance with mandated procedures is undertaken. *See Elliott, supra; Hoess, supra.* Further, Doerflinger may be seen to have been dilatory, frustrating Gene's efforts. In *Elliott, supra,* the intended change of beneficiary was frustrated because the insured's former partner, the original beneficiary refused, out of some pique, to honor a prior oral agreement to execute a necessary form.

■ One matter remains. The insurer, Metropolitan, interpleaded the proceeds of the policy plus interest, $29,012.12, into the trial court. The trial court held that the change of beneficiary requirements were waived by Metropolitan's motion for interpleader. In the first appeal of this cause this court found that Metropolitan's action did not affect the rights of Malcolm or Patricia. The trial court held that Malcolm take nothing on his cross-claim against Metropolitan. We hold that Metropolitan is not liable beyond the proceeds of the policy that were deposited with the trial court, and was properly discharged.

The judgment is in all respects affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.