**Theresa June WIREMAN, Appellant (Respondent Below),**

**Employees Life Company (Mutual), (Non-appealing Petitioners, Below)**

v.

**Margaret FAIRCHILD, Administrator of the Estate of Randy Joe Wireman, Deceased, Appellee (Respondent Below).**

No. 3–882A229.

Court of Appeals of Indiana, Third District.

June 27, 1983.

Rehearing Denied Aug. 1, 1983.

William H. Wagner, Barbara A. Young, Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellant.

Robert S. Nesbitt, Nesbitt, Fisher & Nesbitt, Rensselaer, for appellee.

HOFFMAN, Presiding Judge.

In 1979 Randy Joe Wireman (decedent) became a member of the Teamsters Union. Upon becoming a member of the union decedent was automatically covered by the union's group life insurance policy. Wireman died in 1980. As a result of a dispute over the proper beneficiary of his insurance proceeds, the insurance company paid the proceeds into court. Decedent's mother and the administratrix of his estate both brought suit claiming the insurance proceeds.

After entering into the following stipulations, decedent's mother moved for summary judgment:

"1. That the decedent, Randy J. Wireman, became a member of the Teamster Union—Local No. 142, effective June 13, 1979, and as a result thereof became insured under a group insurance policy with Employees Life Company (Mutual).

"2. That under said policy and as a result of the decedent's accidental death on or about July 16, 1980, the insurance company has interplead [sic] Twenty Thousand Dollars ($20,000.00) into this Court under this cause of action for the purpose of having this Court determine the proper distribution of said funds.

"3. That pursuant to a document entitled 'Application and Authorization', dated September 12, 1979, effective June 13, 1979, the decedent designated his mother, Theresa June Wireman, as his beneficiary, a copy of which document is attached hereto, marked Exhibit 'A', and made a part hereof.

"4. That apart from the document set forth in Exhibit 'A', the decedent did not execute any other beneficiary designation documents.

"5. That Theresa June Wireman is the mother of the decedent.

"6. That Margaret Fairchild was duly appointed the personal representative of the decedent's estate by Letters of Administration issued August 14, 1980, by the Jasper Circuit Court under Cause No. P–65–80.

"7. That the decedent died July 16, 1980.

"8. That the policy proceeds have been deposited in the Jasper Circuit Court Clerk's Office by Employees Life Company (Mutual) and, therefore, the company no longer has any interest in this action.

"9. That on the 31st day of May 1980, Randy J. Wireman married Valerie (Fairchild) Wireman who survives the decedent Randy J. Wireman.

"10. That there are no genuine issues as to any material facts remaining and that this matter should be decided by entry of a Summary Judgment pursuant to Trial Rule 56 of the Indiana Rules of Court."

*Record* at 44–45.

At the hearing the administratrix of decedent's estate made an oral motion for summary judgment. This motion was granted and decedent's mother appeals.

On appeal a sole issue is raised: whether the trial court erred in ruling that as a matter of law decedent failed to designate a beneficiary and granting the administratrix's motion for summary judgment.

█ Initially we note that the parties as well as the court are bound by the stipulations of fact entered into by the parties. However, the parties may not agree to the legal effect of those stipulations of fact. Thus, the parties' stipulation that no genuine issue of material fact existed was merely a concession that the facts were valid as stated. *Raper v. Union Fed. Sav. & Loan* (1975), 166 Ind.App. 482, 336 N.E.2d 840. The determination of whether there existed an issue of fact is for the court and serves as a cornerstone of the concept of summary judgment proceedings. Ind.Rules of Procedure, Trial Rule 56(C).

The purpose of a summary judgment is to expedite resolution of a claim where there is no genuine issue of material fact. *Protective Ins. Co. v. Coca-Cola Bottling Co.* (1981), Ind.App., 423 N.E.2d 656. The party who moves for summary judgment bears the burden of proving that no genuine issue of material fact exists and all doubts shall be resolved against the movant. *McKenna v. City of Fort Wayne* (1981), Ind.App., 429 N.E.2d 662. When reviewing a grant of summary judgment this Court must determine that no genuine issue of material fact existed and the law was correctly applied by the trial court. *Wallace v. Indiana Ins. Co.* (1981), Ind.App., 428 N.E.2d 1361.

The facts set out in the parties' affidavits, depositions, and admissions will be viewed in a light most favorable to the opposing party when reviewing a grant of summary judgment. *McKenna, supra.* The grant of a motion for summary judgment will be reversed when it is apparent that a material issue of fact exists or the trial court incorrectly applied the law. *Wienke v. Lynch* (1980), Ind.App., 407 N.E.2d 280. In the present case while there

was no genuine issue of material fact, the trial court did err by misapplying the law and determining that decedent had failed to designate a beneficiary.

When decedent joined the union he filled out a card entitled "Application and Authorization" which included a blank next to the heading, "Beneficiary." Decedent filled out this form placing appellant's name in the blank next to beneficiary. The form was then filed with the union office. The trial court concluded as a matter of law the form entitled application and authorization was not an application for insurance. Further, the trial court concluded the mere use of the term, beneficiary, without any reference to insurance was insufficient to constitute an adequate designation of beneficiary.

No application for insurance was necessary in the case at bar since decedent automatically became an insured under the group policy once he joined the union. Thus, all the necessary information such as the insured's name, address, age, and social security number could be garnered from the application card. It is only logical that the form would also include a designation of beneficiary thus reducing administrative efforts necessary for providing the insurance plan.

Decedent received his certificate of insurance outlining his coverage under the union's group life insurance policy. The certificate of insurance received by decedent clearly states:

"*The Member may designate a beneficiary,* or change such designation, from time to time *by written request filed with the Policyholder* or at our Home Office." (Emphasis added.)
*Record* at 95.

This requirement was satisfied, as was the written designation requirement, by decedent's completion of the application and authorization form which was filed with the policyholder, the union.

The language of the applicable provisions of the insurance policy is clear and unambiguous. Likewise, the language on the application and authorization form is clear and unambiguous. Contract language which is clear and unambiguous shall be given its plain and ordinary meaning when construing a contract. *Huntington Mut. Ins. Co. v. Walker* (1979), Ind.App., 392 N.E.2d 1182. Contrary to appellee's contention the term beneficiary meant "next of kin," the term has been defined and is generally recognized as meaning: "The person to whom a policy of insurance is payable." Black's Law Dictionary 199 (4th ed. 1951).

██ Decedent filled out the application and authorization form naming appellant as his beneficiary. The written form was filed with the policyholder, the union. Thus, the facts clearly indicate the unambiguous requirements of the insurance policy have been met.[1] For these reasons this matter is reversed and remanded, and the trial court is directed to enter summary judgment in favor of appellant.

Reversed and remanded.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I respectfully dissent from the views expressed by the majority. The facts on the record give rise to conflicting inferences

---

1. The parties entered into the following oral stipulation at the time of the hearing:

   " 'The [insurance] company supplies the union with a stack of abbreviated insurance application forms when a member elects to become covered. He fills out the application and gets a certificate number from the union. That is called the designation of beneficiary form. That form is separate and apart from the application for union membership. The master policy and the application constitute the entire contract.' " *Record* at 97.

If the union normally required completion of the above-described form, then decedent's failure to comply might create a latent ambiguity presenting a factual issue to be tried. However, it is incumbent upon the estate to raise such an issue at trial. Ind.Rules of Procedure, Trial Rule 56(D). This it did not do. It might also be noted that decedent received his certificate of insurance indicating the insurance company received the necessary information from some source, presumably the "Application and Authorization" form completed by decedent.

which cannot properly be resolved by summary judgment. In granting summary judgment in favor of Theresa June Wireman, the majority has resolved factual conflicts; such action is not within our purview.

The central issue in this appeal is whether Randy Joe Wireman designated a beneficiary of his group life insurance policy. Resolution of the issue focuses on the union application that Randy Joe Wireman filled out which contained a blank following the word "Beneficiary." The majority holds that Randy Joe Wireman clearly designated a beneficiary of his life insurance policy by writing Theresa June Wireman's name in that blank. The answer is not as obvious as the majority indicates and requires that conflicting inferences be resolved.

The general rule in Indiana is that the policy requirements for designating a beneficiary must be substantially complied with. *Hoess v. Continental Assurance Co.* (1960), 130 Ind.App. 562, 164 N.E.2d 125; *see Elliott v. Metropolitan Life Ins. Co.* (1946), 116 Ind.App. 404, 64 N.E.2d 911. However, an exception may be made where the insured has done everything he can. *Hoess v. Continental Assurance Co., supra.* Whether the insured did everything within his power is a question of fact. *See, Borgman v. Borgman* (1981), Ind.App., 420 N.E.2d 1261, 1263 (*trans. denied*).

This case was submitted for summary judgment on stipulated facts, accompanied by a copy of the union application, and stipulated testimony. The union form itself gives rise to conflicting inferences which are not dispelled by the stipulated facts and cannot be resolved by this Court. On one hand, as the trial court noted, the only form Randy Joe Wireman signed did not mention the insurance policy. Fairchild argues that the space on the form labelled "Beneficiary" really meant "Next-of-Kin." This argument gains credence when we consider the lack of any evidence that Randy Joe Wireman even knew that any insurance policy existed. Furthermore, stipulated testimony by an employee of Employees Life indicates that another form designating a

beneficiary should have been filed and that the company considered that additional form plus the policy to constitute the entire contract. Randy Joe Wireman did not fill out an additional form. This evidence allows a reasonable inference to be drawn that Randy Joe Wireman either was not requesting that his mother be the beneficiary of his life insurance policy or had not done everything he could to make such a designation. *See Borgman v. Borgman, supra.*

On the other hand, Employees Life admits that Randy Joe Wireman automatically became covered when he became a member of the union. The policy does not require that the designation be made on a form provided by Employees Life. It appears from the record that the form was held by the union; this would satisfy the policy's requirement that the request be filed with the union or with Employees Life. The inference can be drawn that, by designating a "Beneficiary" on his union form, he intended to make his mother the beneficiary of the policy which accompanied his union membership. A further inference may be drawn that, by filling out the union form, Randy Joe Wireman did everything within his power to designate a beneficiary of his insurance policy. *See Borgman v. Borgman, supra.*

The majority asserts that the latter conclusion is clear and must be reached as a matter of law. However, the former conclusion was the one reached by the trial court. Moreover, the insurance company brought this action rather than pay the proceeds of the policy to Theresa June Wireman, an action which indicates that the majority's conclusion was not so clear to the company. To reach its result, the majority must assume that Randy Joe Wireman knew about the insurance policy and intended his form to constitute the "request" sufficient to designate a beneficiary under the terms of the insurance policy. It is not within the province of this Court to read the deceased's mind; we have no crystal ball. This issue cannot be decided as a matter of law because conflicting inferenc-

es as to Randy Joe Wireman's state of mind must be resolved; therefore summary judgment is not appropriate. I dissent and would reverse and remand for further proceedings consistent with this opinion.