**GREATER CLARK COUNTY SCHOOL CORPORATION, et al., Appellants, (Defendants Below),**

v.

**Robert F. MYERS, Appellee, (Plaintiff Below).**

**No. 4–685A171.**

Court of Appeals of Indiana, Fourth District.

June 9, 1986.

Rehearing Denied July 25, 1986.

David R. Day, Bose McKinney & Evans, Indianapolis, for appellants; Kerry L. Thompson, Everitt, Houston & Thompson, Scottsburg, Jack Risinger, Greater Clark County School Corp., Jeffersonville, of counsel.

David J. Emmert, Indiana School Boards Ass'n, Indianapolis, for amicus curiae.

Robert W. Lanum, C. Gregory Fifer, Fifer, Vogt & Lanum, Jeffersonville, for appellee.

CONOVER, Judge.

Greater Clark County School Corporation (Clark) appeals the breach of contract damage award entered after hearing upon remand by our First District.

We affirm.

ISSUES

Clark presents five issues for review. We have consolidated and restated them. They are:

1. What issues were properly before the trial court after the Court of Appeals ordered it to determine damages?[1]

2. Whether the damage award was excessive?[2]

FACTS

This is the second appeal in this case. The original was heard by our First District.

Robert F. Myers (Myers) was a permanent teacher employed by Clark as an assistant superintendent for auxiliary services. Our First District determined Clark wrongfully terminated Myers's employment when its board fired him without first obtaining the recommendation of the school superintendent as required by IND.CODE 20–6.1–4–11. It reversed the judgment and remanded the case to the trial court for determination of the damages suffered by Myers. *See, Myers v. Greater Clark County School Corp.* (1984), Ind.App., 464 N.E.2d 1323. Our Supreme Court denied transfer.

After remand the trial court held a hearing during which Clark objected to the relevancy of various exhibits presented by

---

**1.** Clark's issues numbered I, III, IV, and V.

**2.** Clark's issue numbered II.

Myers. Clark argued the exhibits were not relevant because the case should be remanded to the school board "... for the purpose of obtaining the school board's recommendation [as] set forth in [its] Position Statement." (R. 135). Clark's "Position Statement," filed before the hearing, suggested the case be remanded to the school board with instructions "... to obtain the superintendent's recommendation and consider again the question of terminating Myers' contract." (R. 39).

The trial court admitted Myers's exhibits, heard his evidence of damages, and awarded $104,694.19 in damages, plus interest and costs. The award consisted of salary Myers would have received but for the termination of his contract, loss of retirement income, loss of health and life insurance premiums, severance pay, and costs.[3] Clark called Myers to testify about his attempts to seek further employment but presented no other evidence. The trial court entered judgment accordingly. Clark appeals.

Additional facts necessary to a proper consideration of the issues are discussed below.

DISCUSSION AND DECISION

I. *Issues Before the Trial Court on Remand*

Clark first contends the trial court erred when it determined our First District's opinion required an award of damages to Myers. *See, Myers v. Greater Clark County School Corp.* (1984), Ind.App., 464 N.E.2d 1323.

Concerning these matters, the trial court determined, *inter alia,*

(a) That the only issue before this court is the issue of damages due Myers as a result of the wrongful and illegal termination of and breach of his contract

by the defendants Greater Clark County School Corporation, et al (Greater Clark).

(b) That the Court of Appeals did not remand this cause back to this trial court for a re-trial of the issues, but only for a hearing on Myers' damages.

(c) That this court has the power to award damages to Myers who was illegally or wrongfully terminated by Greater Clark and said award of damages is within this court's sound discretion for breach of contract.

\* \* \* \* \* \*

(i) That to remand this matter back to Greater Clark School Board for a hearing on the determination of damages would deny Myers a fair and impartial hearing and would not comply with the special instructions of the Court of Appeals in its decision in this cause.

(R. 101–103).

These determinations were correct.

Our First District, per Neal, J., reversed the judgment as to Myers, and remanded the case to the trial court for a hearing on Myers's damages. *Greater Clark School Corp.*, 464 N.E.2d at 1332 (rehearing and transfer denied).

Our First District's decision thus became the law of the case. It is conclusive as to all matters within its scope. *See, e.g., Egbert v. Egbert* (1956), 235 Ind. 405, 415, 132 N.E.2d 910, 914; *Bryson v. Crown Oil Co.* (1916), 185 Ind. 156, 161, 112 N.E. 1, 2; *Alerding v. Allison* (1908), 170 Ind. 252, 258, 83 N.E. 1006, 1009; *Borgman v. Borgman* (1981), Ind.App., 420 N.E.2d 1261, 1265. The doctrine is applicable whether the decision of the earlier appeal is right or wrong. *E.g., Borgman,* 420 N.E.2d at 1265.

When faced with an appeal after remand we are to determine which issues were decided in the first appeal. The issues

---

3. Finding (g):
   That since the termination of Myers was an illegal act and a breach of contract, damages shall be awarded from the date of the illegal act based on the salary which he would have received until the end of his contract; the loss of retirement income due to the illegal termi-
   nation, over his life expectancy; the loss of health and life insurance premiums which would have been paid by Greater Clark; severance pay for early retirement pursuant to the Master Contract for Greater Clark; and the costs of Myers.

resolved in the first appeal then become the law of the case as to those issues. *E.g., Egbert,* 235 Ind. at 417–418, 132 N.E.2d at 916; *Borgman,* 420 N.E.2d at 1265.

Our First District here determined Myers's contract had been wrongfully terminated, he had been damaged, and the trial court should determine the amount thereof on remand. In other words, it determined Myers was entitled to damages as a matter of law. Clark asserts the trial court erred by deciding on remand the only issue before it was the amount of Myers's damages. Clark argues termination was justified, reciting a litany of reasons in justification of Myers's termination.[4] Clark contends these reasons are relevant to the issue of damages. Clark misses the point. The question of whether Myers's termination was wrongful was decided adversely to Clark in the first appeal. That matter is no longer at issue.

■ Clark argues the general rule concerning the effect of a reversal by the Court of Appeals should be applied in this appeal. Generally, the effect of reversal by the Court of Appeals is to vacate and nullify a trial court's judgment and return the parties to the positions they held before its entry by the trial court. *E.g., Doughty v. State Board of Public Welfare* (1954), 233 Ind. 475, 477, 121 N.E.2d 645, 646; *Brown v. State* (1983), Ind.App., 458 N.E.2d 245, 250; *Hunter v. Hunter* (1973), 156 Ind.App. 187, 188, 295 N.E.2d 834, 835. Seeking to apply this rule to this case, Clark argues because the First District reversed, the judgment was voided and the parties were returned to their original positions. Thus, Clark opines, the merits of Myers's termination were relevant to the issue of damages when heard by the trial court on remand.

■ While generally reversal without more returns the parties to the positions they held before the appellate court's decision, the power of the Court of Appeals is not limited to that kind of reversal alone. Where the facts are not in dispute and all material matters appear on the record, it is within the inherent power of appellate courts to render such judgment as will secure to each party his rights. *McAfee v. Reynolds* (1891), 130 Ind. 33, 39–40, 28 N.E. 423, 425; *Shaffer v. Sleade* (1844), Ind., 7 Blackford 178, 185; Ind. Rules of Procedure, Appellate Rule 15(N). *Cf., Estate of Virginia McCullough v. McCullough* (1986), Ind.App., 492 N.E.2d 1093, (reversed and remanded for correction of judgment); *State v. Church of Nazarene of Logansport* (1978), 268 Ind. 523, 529, 377 N.E.2d 607, 610 (Appellate court may order modification to correct error when new trial not required. This case remanded for new trial); *Anacomp, Inc. v. Wright* (1983), Ind.App., 449 N.E.2d 610, 615 (Defect in trial court judgment may be cured by modification of judgment without need for new trial).

■ While Reversal by our First District voided the trial court's original judgment, as Clark asserts, the parties were not thereby returned to their original positions. The reversal and remand for determination of Myers's damages necessarily implied the entry of judgment in favor of Myers by the Court of Appeals, an action within its inherent authority. *See, e.g., McAfee,* 28 N.E. at 425; Ind. Rules of Procedure, Appellate Rule 15(N). *Cf., Hunter v. Hunter* (1973), 156 Ind.App. 187, 188, 295 N.E.2d 834, 835 (on "Petition to Clarify Mandate" the court noted its reversal vacated and nullified the trial court's judgment and required judgment in favor of appellants.)

The trial court here did not err when it decided the only issue before it on remand was the amount of damages to which Myers was entitled.[5]

---

4. Clark's issue numbered I.

5. In like manner Clark argues the trial court should have remanded the case to the school board for it to determine whether failure to follow proper procedural steps affected its decision to fire Myers. (Clark's issues III & V)

These issues address the contention of whether Myers's contract was breached, a contention necessarily addressed within the First District's decision Myers was entitled to damages. Similarly, Clark asserts error in the trial court's finding Myers would be denied a fair and im-

## II. *Damages*

Clark and *Amicus Curiae,* Indiana School Boards Association, assert [6] the trial court's award of damages [7] is contrary to law and excessive. They contend Myers is entitled to only nominal damages.

### Standard of Review

We are bound by a strict standard of review on questions of inadequate or excessive damages. We may not reverse a damage award if it is within the scope of the evidence before the trial court. We neither reweigh the evidence nor judge the credibility of witnesses. *See, e.g., Nahmias Realty, Inc. v. Cohen* (1985), Ind.App., 484 N.E.2d 617, 619–620, and cases cited therein. A judgment is not excessive unless the amount is so large it cannot be explained upon any reasonable hypothesis other than prejudice, passion, partiality, corruption, or some other improper element. *See, e.g., Nahmias, supra; Nering v. Stockstill* (1983), Ind.App., 448 N.E.2d 695, 698; *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, 344. The award of the court will be upheld if it is within the scope of the evidence presented. *E.g., Nevitt,* 448 N.E.2d at 344. Further, we will sustain the trial court if its judgment regarding damages falls within the limits established by the probative evidence even though non-probative material and incorrect legal principles were considered incidentally by the trial court in reaching its decision. *Nahmias,* 484 N.E.2d at 620.

### Discussion

Clark and *Amicus Curiae* insist Myers was entitled to only nominal damages and therefore the trial court's award is contrary to law. They base such insistence in *Carey v. Piphus* (1978), 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252, and other cases holding violation of a procedural right, without proof of actual damages, entitles a plaintiff to only nominal damages.

They also cite cases from several other jurisdictions. They fail to note Indiana precedent. For example, in *Tippecanoe Valley School Corp. v. Leachman* (1970), 147 Ind.App. 443, 261 N.E.2d 880, trans. denied, the former Appellate Court of Indiana found failure to provide a hearing was a breach of contract sufficient to sustain an award of damages. The court reasoned the school board there had so far departed from the statutory procedure its actions amounted to an abuse of discretion. *Leachman,* 261 N.E.2d at 887. *Cf., Salem Community School Corp. v. Richman* (1980), Ind.App., 406 N.E.2d 269 (Insufficient notice of non-renewal of superintendent's contract resulted in actual damages. Case remanded with instructions because trial court improperly reduced the damage award.) *School City of Brazil v. Rupp* (1937), 104 Ind.App. 287, 10 N.E.2d 924 (Affirmed award of actual damages where teacher was not given proper notice of termination.) These cases are consistent with our oft noted rule the terms and conditions

---

partial hearing if the case were remanded to the school board. (Clark's issue IV) If such be error it is harmless. Remand to the school board would not have complied with our First District's clear instruction.

6. Clark's issue II.

7. The trial court ordered damages as follows:
   IT IS, THEREFORE, ORDERED that Myers recover from the defendants, jointly and severally, as damages the following:
   1. The sum of $45,546.00 in back pay and lost wages;
   2. The sum of $44,152.00 for loss of retirement income;
   3. The sum of $3,030.89 for loss of health and life insurance premium benefits;

4. The sum of $11,580.00 for retirement severance pay;
   5. The sum of $385.30 for costs; and
   6. Pre-judgment interest at the rate of 8% per annum from the date the damages were demanded or due and interest at the rate of 10% per annum if this Judgment is not paid within 180 days from the date of this Judgment, pursuant to IC 34-4-16.5-17; and
   IT IS FURTHERMORE, ORDERED AND DECREED that Myers is eligible and entitled to participate in and maintain coverage in the group hospitalization program of Greater Clark from and after the date of Judgment and Greater Clark shall allow Myers to so participate.

of an employment contract include all relevant statutory provisions as if they were set out in the contract. *E.g., Bernhardt v. State* (1985), Ind.App., 479 N.E.2d 1367, 1369, trans. denied. Clark's assertions to the contrary notwithstanding, Myers's damages flow from breach of his contract not from mere procedural error standing alone. Any other determination would be contrary to the law of this case entitling Myers to judgment as a matter of law.

Further, assuming *arguendo* the statutory procedure for termination of teachers can be reasonably equated to a mere procedural due process violation, the rule in *Carey* does not support Clark. *Carey* was a civil rights action brought by students under 42 U.S.C. § 1983. It held *in the absence of proof of actual damages* denial of procedural due process is actionable for recovery of nominal damages. *Carey*, 435 U.S. at 266, 98 S.Ct. at 1054 (our emphasis). Likewise, *Burt v. Abel* (4th Cir., 1978), 585 F.2d 613 (remanded to allow proof of actual damages); *Horton v. Orange County Board of Education* (4th Cir., 1972), 464 F.2d 536 (actual damages allowed for a period between ineffective termination and proper termination); *Huntley v. Community School Board of Brooklyn* (2nd Cir., 1976), 543 F.2d 979 (remand for hearing on actual damages); appeal after remand, (2nd Cir., 1978) 579 F.2d 738 (nominal damages appropriate when no actual damages proven).

Other than questioning Myers about his attempts to secure employment, Clark presented no evidence on damages at the hearing after remand. Instead, in spite of our First District's clear mandate to the contrary, Clark insisted the trial court should remand the case to the school board to determine whether it would have terminated Myers had proper procedure been followed.

Our First District remanded to the trial court, not the board. It ordered determination of damages. Clark's failure to produce any evidence on the issue effectively precluded the trial court from making any decision other than the one it made.

The unrefuted, uncontradicted evidence before the trial court supports its award. The trial court's award was within the evidence presented and is therefore not excessive.

We find no error.

Affirmed.

MILLER, J., and YOUNG, P.J., concur.