ELLIOTT v. METROPOLITAN LIFE INSURANCE COMPANY ET AL.

[No. 17,382.   Filed February 11, 1946.]

*Nathan Mendenhall,* of Winchester, and *F. Clayton Mansfield,* of Muncie, for appellant.

*Robert L. Smith,* of Portland, and *George H. Koons,* of Muncie, for appellees.

HAMILTON, J.—This was an action instituted by appellant against the appellee, Metropolitan Life Insurance Company, as the sole defendant to recover upon a policy of life insurance issued by said appellee upon the life of one Brinley W. Lewis, who at the time of the issuance of said policy of insurance was a partner of the appellant, Ralph E. Elliott, in the partnership firm of Lewis and Elliott Drug Company, engaged in the business of operating a retail drug store in the city of Dunkirk, Indiana. The complaint alleged that the policy of insurance was made payable to the partnership of Lewis and Elliott Drug Company as beneficiary; that on March 3, 1942, the assured, Brinley W. Lewis, executed and delivered to the appellant, Ralph H. Elliott, a bill of sale by the terms of which the said Brinley W. Lewis divested himself of all his interest in and to the partnership property and assets belonging to the Lewis and Elliott Drug Company and vested complete ownership thereof in the appellant Ralph H. Elliott; that from and after the issuance of said policy of insurance to said Brinley W. Lewis by said appellee insurance company, the annual premiums due thereon were duly paid from and out of the assets of said partnership of Lewis and Elliott Drug Company; that said annual premiums were paid to and including premiums for the year 1942; that said policy of insurance was in full force and effect on October 13, 1942, at the time the said Brinley W. Lewis died. Appellant promptly advised said insurance company of the death of said Lewis and demanded pay-

ment of the amount of said policy to him as beneficiary, which demand was refused. As its answer to the complaint, Metropolitan Life Insurance Company filed its verified application for interpleader admitting liability upon the policy of insurance sued upon in the complaint but alleging that Dorothy Lewis, as administratrix of the estate of Brinley W. Lewis, was asserting and claiming an interest in the proceeds due on said policy of insurance and requesting that she be made a party defendant in said action; that said insurance company be permitted to pay the amount due on said policy of insurance to the clerk of the court and thereupon be discharged from all further liability in connection with said policy of insurance. Thereafter the prayer of said interpleader was granted; the said Dorothy Lewis as administratrix of the estate of Brinley W. Lewis, deceased, was ordered substituted as defendant in said action, and upon payment into court of the full amount due on said policy of insurance, the appellee insurance company was discharged from all further liability in said action.

No amended or supplemental complaint was ever filed in said cause after the substitution of the defendants as aforesaid.

To the original complaint the substituted defendant, Dorothy Lewis, administratrix of the estate of Brinley W. Lewis, deceased, filed an answer in three paragraphs, to which appellant filed a reply. No question is presented with reference to the pleadings and for this reason it is not necessary to set forth the substance of the answer or reply.

Appellee Dorothy Lewis, administratrix of the estate of Brinley W. Lewis, deceased, and hereafter referred to as appellee administratrix, filed a cross-complaint in three paragraphs. The first paragraph of cross-complaint proceeded upon the theory that at the time of the

designation of Lewis and Elliott Drug Company as beneficiary in said policy of insurance, Ralph H. Elliott and the insured, Brinley W. Lewis, were co-partners engaged in the retail drug business in Dunkirk under the firm name and style of Lewis and Elliott Drug Company; that thereafter on January 16, 1942, the partnership of Brinley W. Lewis and Ralph H. Elliott, doing business as Lewis and Elliott Drug Company, was dissolved by mutual consent and agreement of the partners and by a written contract, and thereupon Brinley W. Lewis and Ralph H. Elliott ceased to be co-partners in any enterprise or business whatsoever; that Brinley W. Lewis died October 13, 1942, and at the time of his death the Lewis and Elliott Drug Company was dissolved and was not in existence, and had ceased to be the partnership of Brinley W. Lewis and Ralph H. Elliott. That by reason of said dissolution aforesaid, Lewis and Elliott Drug Company was not a beneficiary under the terms of said policy of insurance, and the proceeds thereof were payable to cross-complainant as administratrix of the estate of Brinley W. Lewis, deceased.

The second paragraph of cross-complaint of appellee administratrix was based upon the theory that during the existence of the partnership, each of the co-partners procured a policy of insurance upon his life, which policies named Lewis and Elliott Drug Company as beneficaries therein; that the partnership of Brinley W. Lewis and Ralph H. Elliott, doing business as Lewis and Elliott Drug Company, was dissolved by mutual consent and agreement of the co-partners on January 16, 1942, and thereupon the said Lewis and Elliott ceased to be partners; that as a part of the dissolution of said partnership, its business and affairs, it was agreed by and between the partners that each partner should thenceforth take as his own separate property the policy of

insurance issued upon his life which had theretofore been issued by the Metropolitan Life Insurance Company upon the life of each co-partner and made payable to the Lewis and Elliott Drug Company as beneficiary; that accordingly each of said co-partners did thereafter take each of said policies issued upon his life and each policy became the separate property of each co-partner. Brinley W. Lewis died October 13, 1942, and at the time of his death the policy of insurance issued upon his life was his separate property and the cross-defendant, Ralph H. Elliott, had no interest therein as beneficiary, partner, heir, or otherwise. That at the time of the death of Brinley W. Lewis, there was no beneficiary named in the policy of insurance issued upon his life entitled to take and receive the proceeds thereon and by the terms of said policy the proceeds thereof were payable to the cross-complainant as administratrix of the estate of Brinley W. Lewis, deceased.

The third paragraph of the cross-complaint of appellee administratrix averred the same facts as the second paragraph of cross-complaint, and in addition thereto alleged facts based upon the theory that at the time of the dissolution of the partnership it was agreed by and between the co-partners that each would sign the necessary releases and forms required for a change of bene-. ficiary from Lewis and Elliott Drug Company to such person as each insured should desire and request; that thereafter Brinley W. Lewis signed the required release for a change of beneficiary upon the policy of insurance issued upon the life of Ralph H. Elliott, and at the same time filed an application and request for a change of the policy issued upon the life of Lewis from Lewis and Elliott Drug Company to Dorothy Lewis, wife .of the insured. Said forms for change of beneficiary as aforesaid were delivered to the agent of the Metropolitan Life

Insurance Company for the purpose of securing the signature of Ralph H. Elliott thereon and then forwarding the same to the home office of the insurance company for completion and approval. That said instruments were presented to said Ralph H. Elliott for signature, which he refused to sign. That at the time of the death of Brinley W. Lewis on October 13, 1942, the policy of insurance issued upon his life was his separate property and Ralph H. Elliott had no interest therein, either as a partner, beneficiary, heir, or otherwise; that the cross-defendant, Ralph H. Elliott, by his refusal to sign the necessary form for permitting a change of beneficiary from Lewis and Elliott Drug Company to Dorothy Lewis, wife of said Brinley W. Lewis, unlawfully prevented that consummation of the change of beneficiary upon the policy of insurance as the partners had agreed at the time of the dissolution of said partnership. That said Brinley W. Lewis left surviving as the sole and only heirs at law his widow, Dorothy Lewis, and a minor son, who are entitled to the proceeds of the policy of insurance issued upon the life of Brinley W. Lewis.

The issues were closed by appellant filing his answer to each paragraph of the cross-complaint of appellee administratrix, admitting and denying certain rhetorical paragraphs contained in each paragraph of the cross-complaint and alleging that he was without information as to the facts alleged in other rhetorical paragraphs contained in each paragraph of said cross-complaint.

The cause was submitted to the court for trial without the intervention of a jury and upon request a special findings of fact was made and conclusions of law rendered thereon in favor of appellee administratrix.

Appellant's motion for a new trial was overruled and this appeal perfected.

The errors assigned in this court are that the court

erred in each of its conclusions of law Nos. 1, 2, 3, 4, and 5 and that the court erred in overruling appellant's motion for a new trial. The causes assigned in the motion for a new trial are (a) the finding of the court is not sustained by sufficient evidence, and (b) the decision of the court is contrary to law. The material facts found by the court in its special findings of fact may be summarized as follows:

That on and prior to the 14th day of January, 1932, Brinley W. Lewis and Ralph H. Elliott were partners engaged in owning and operating a retail drug store at Dunkirk and under the firm name and style of Lewis and Elliott Drug Company; that on January 14, 1932, each of said partners applied for and was issued as of that date a whole life policy of insurance in the sum of $5000.00 by the Metropolitan Life Insurance Company and the co-partner was named as beneficiary in each policy with the right to change the beneficiary reserved to the insured. Thereafter, on June 8, 1940, there was endorsed on each of said policies of insurance at the home office of the insurance company a change of beneficiary from the name of the co-partner to that of the firm name designated as "Lewis and Elliott Drug Company." No further right to change of beneficiary was reserved by each insured. That each policy of insurance contained a clause to the effect that no change of beneficiary should be effective until it was endorsed on the policy at the home office of the company, and each policy of insurance contained the following clause: "In the event of the death of any beneficiary before the Insured the interest of such beneficiary shall vest in the Insured unless other-wise provided herein or endorsed thereon." Each policy further contained a clause that no assignment of the policy shall be binding upon the company unless it be executed upon blanks furnished by the com-

pany and filed with the company in its home office in the city of New York. That thereafter on January 16, 1942, Brinley W. Lewis and Ralph H. Elliott dissolved the partnership of Lewis and Elliott and each of said partners divided the insurance policies between them and each took the policy issued on his life.

That on January 16, 1942, by written agreement, said partners agreed upon the value of the stock of goods and merchandise and the value of the fixtures owned by said partnership and the amount of outstanding debts owed by said partnership; that they fixed the value of the stock at $4913.10, and the value of the fixtures at $2500.00, and the debts at $1987.41, leaving a net value of $5425.69. That by the written agreement Brinley W. Lewis sold, and Ralph H. Elliott bought, the one-half interest in said stock and fixtures of said partnership for the sum of $2712.84, and said Lewis placed in escrow with said Elliott the sum of $200.00 for the payment of taxes, the amount of which was then unknown. That Ralph H. Elliott by said written agreement assumed the debts of said partnership; that by the terms of said written instrument executed by and between said partners on said date the right of Brinley W. Lewis to participate in the profits of said partnership terminated as of January 13, 1942; that said Brinley W. Lewis did not render any services to said partnership after January 16, 1942, or participate in any of the profits after said date.

That at the time of the dissolution of said partnership on January 14, 1942, the cash surrender value of the policy issued on the life of Brinley W. Lewis was $506.00, and the cash surrender value of the policy issued on the life of Ralph H. Elliott was $528.00, the difference being due to the fact that Elliott was 29 years of age and Lewis was 28 years of age at the time each

of said policies was issued. That on March 3, 1942, a written instrument was executed by and between said partners specifically itemizing the stock of goods and fixtures sold by Lewis to Elliott for the stated price agreed upon by the terms of the written contract, dated January 16, 1942, and specifically stated therein the dissolution of said partnership. That neither of said policies of insurance was mentioned in either of the written instruments executed on January 16, 1942, or March 3, 1942.

That on and from the 14th day of January, 1932, until the year 1944 one Frank L. Vance was the agent of the Metropolitan Life Insurance Company at Dunkirk and as such insurance agent he took the applications for the policies of insurance issued upon the lives of Brinley W. Lewis and Ralph H. Elliott and collected for the company the premiums paid on each of said policies of insurance from January 14, 1932, through and including the year 1942. That after the dissolution of said partnership, the said Frank L. Vance, as agent for said insurance company, had a conversation with Brinley W. Lewis and Ralph H. Elliott about a change of beneficiaries in each of said policies of insurance; that thereafter the said Ralph H. Elliott signed a release of any interest he had by reason of said partnership in the policy issued on the life of Brinley W. Lewis. That thereafter, in 1942, Brinley W. Lewis went to the home of said insurance agent, Frank L. Vance, and delivered to him the policy of insurance which had been issued on the life of said Lewis and signed forms for the release of the beneficiary on both policies so that the insured in each policy could name a new beneficiary on the forms as required by the insurance company. That the said Frank L. Vance, as agent for said insurance company, presented the form so signed by Brinley W. Lewis to

Ralph H. Elliott for his signature which was refused by said Ralph H. Elliott. That thereupon the said Elliott demanded the policy of insurance which had been issued on the life of Lewis and the said Vance delivered said policy to the said Elliott; that thereafter and after the death of said Lewis, said Vance, as insurance agent, destroyed the forms which had been signed by Brinley W. Lewis and they were never sent to the home office of Metropolitan Life Insurance Company. That the premiums on said policies of insurance were paid by both of said partners until January, 1942. That the premium on the policy issued by the Metropolitan Life Insurance Company on the life of Lewis, due January 14, 1942, was paid by Brinley W. Lewis by a check drawn on the funds of his wife, Dorothy Lewis, and his said check was cashed out of said funds and paid. That the premium for the year 1942, due January 14, 1942, on the policy of insurance issued on the life of Brinley W. Lewis was not paid out of partnership money or by the said Ralph H. Elliott. That Brinley W. Lewis died October 13, 1942, and at the time of his death the policy of insurance issued upon his life by the Metropolitan Life Insurance Company was in full force and effect. That Brinley W. Lewis left surviving as his sole and only heirs at law his widow, Dorothy Lewis, and a son, Victor Lee Lewis. That thereafter Dorothy Lewis was appointed administratrix of the estate of Brinley W. Lewis and is now the duly qualified and acting administratrix of said estate. That at the time of the death of Brinley W. Lewis on October 13, 1942, the partnership of Lewis and Elliott Drug Company was dissolved and ceased to exist. That the Metropolitan Life Insurance Company had paid the full amount of money due on the policy of insurance issued upon the life of Brinley W. Lewis in the sum of $5234.73, into court; that appellee

administratrix had been substituted as a party defendant in said cause and that the appellee insurance company had been released from all further liability on said policy of insurance.

Upon the foregoing facts the court rendered its conclusions of law as follows:

"1. The law is with the defendant Dorothy Lewis, as Administratrix of the estate of Brinley W. Lewis, deceased.

"2. The law is with the cross-complainant, Dorothy Lewis, as Administratrix of the estate of Brinley W. Lewis, deceased.

"3. That the law is against the plaintiff, Ralph H. Elliott, and that he is not entitled to anything by reason of his complaint herein.

"4. That the cross-complainant, Dorothy Lewis, as Administratrix of the estate of Brinley W. Lewis, deceased, is entitled to the proceeds of the insurance policy No. 7 508 272 A, issued on the life of Brinley W. Lewis, and she is entitled to an order that the money paid into court by the Metropolitan Life Insurance Company on its interpleader, be paid to the said cross-complainant Dorothy Lewis, as Administratrix of the Estate of Brinley W. Lewis, deceased.

"5. That the said defendant and cross-complainant Dorothy Lewis, as Administratrix of the estate of Brinley W. Lewis, deceased, is entitled to have and recover her costs herein taxed at $———."

We believe that it is clearly apparent from a reading of the foregoing facts as found by the court that the decision of the court was rendered upon the second paragraph of the cross-complaint of appellee administratrix. Therefore, if the facts as found support the allegations of the second paragraph of the cross-complaint and the record contains any substantial evidence to sustain the facts as found by the court, the judgment must be affirmed, and it will be unnecessary to consider

or discuss the other propositions urged by appellant in support of his contention that the decision of the court is contrary to law and is not sustained by sufficient evidence.

In considering the question presented, it must be borne in mind that the controversy is between two persons, each claiming to be entitled to funds which have been deposited with the clerk of the court in which the action is pending. The insurance company has admitted its liability, paid the money into the court and has been discharged from all further liability.

Since each of said parties claiming the funds sought affirmative relief by asking that the court adjudge that he was entitled to the funds, the burden rested upon each of them to establish his respective right to said funds. Each of them can only recover upon the strength of his or her own title to the funds involved and cannot recover because of the weakness of the title of the opposite party to said funds. *Scott* v. *Dilley* (1913), 53 Ind. App. 100, 106, 101 N. E. 313, 315.

Appellant most earnestly contends that there is no evidence in the record to sustain the special finding of facts as found by the court to establish the allegations contained in the second paragraph of the cross-complaint of appellee administratrix. This contention requires a review of the evidence. We find that there is uncontroverted evidence in the record to the following effect:

That on and prior to the 14th day of January, 1932, Brinley W. Lewis and Ralph H. Elliott were partners owning and operating a retail drug store in Dunkirk, Indiana, under the firm name and style of Lewis and Elliott Drug Company. That on said date each of said partners applied for and was issued a whole life policy

of insurance in the sum of $5000.00 in the Metropolitan Life Insurance Company. Each policy was payable to the other partner as beneficiary; the premium on each policy was paid by the partnership and out of partnership funds and was so paid each year thereafter until the year 1942. Thereafter, on June 8, 1940, the beneficiary in each policy was changed by endorsement on the policy in the home office of the company from the name of the individual partners to the name of the partnership firm of Lewis and Elliott Drug Company. The right to change beneficiaries thereafter was not reserved on either policy. On January 16, 1942, the partnership firm of Lewis and Elliott Drug Company was dissolved by the mutual agreement and consent of the partners. That by a written agreement executed on January 16, 1942, the partners agreed upon the value of the stock of drugs and merchandise and the value of the fixtures owned by the partners and partnership, and the amount of the outstanding debts owed by the partnership as of January 13, 1942, and that the net value was agreed upon as being the sum of $5425.69. That Lewis agreed to sell and Elliott agreed to buy the one-half interest of Lewis in said partnership firm for the sum of $2712.84. The partnership was terminated as of January 13, 1942, and Lewis did not render any service to said partnership or participate in any profits thereof after January 13, 1942. That at the time of the dissolution of said partnership the cash surrender value of the policy issued on the life of Brinley W. Lewis was $506.00 and the cash surrender value of the policy issued on the life of Ralph H. Elliott was $528.00, the difference being due to the difference in the ages of the two partners and the amounts of the premiums due on each policy.

That thereafter, on March 3, 1942, the partners executed a written instrument specifically itemizing the stock of goods and fixtures sold by Lewis to Elliott by written agreement, dated January 16, 1942, and specifically stating therein the dissolution of the partnership. The two policies of insurance were not mentioned in either of the written instruments executed on January 16, 1942, or March 3, 1942, although the interest of the partnership in certain real estate owned by the partners was specifically excepted.

One Frank L. Vance was the agent of the insurance company who took the applications for both policies of insurance and collected all the premiums thereon from January 14, 1932, to and including January 14, 1942. He testified that after the dissolution of the partnership, he talked to both of the partners and explained to them the option available to each insured as contained in his policy for changing the beneficiary therein so that each of them could have control of his own policy. After this conversation, Vance received a form for changing the beneficiary in the Lewis policy signed by Ralph H. Elliott, but Brinley W. Lewis did not sign at that time, stating that he would do so later. After the dissolution of the partnership and the execution of the written instruments dated January 14, 1942, and March 3, 1942, each partner had and kept possession of the policy of insurance issued upon his own life. The annual premium for the year 1942, due January 14, 1942, on the policy of insurance issued on the life of Brinley W. Lewis was paid by Lewis out of funds belonging to his wife, Dorothy Lewis. As heretofore stated, all prior premiums on said policy, from January 14, 1932, down to January, 1942, had been paid out of partnership funds. Thereafter, Brinley W. Lewis delivered to Vance, as insurance agent of the Metropolitan Life

Insurance Company, the policy of insurance issued upon his life and requested that Vance procure the signature of Elliott on the necessary forms so that the beneficiary in the Lewis policy would be changed from the Lewis and Elliott Drug Company to Dorothy Lewis, wife of the insured Brinley W. Lewis, and at that time Lewis signed the necessary forms presented to him by Vance. Thereupon Vance presented the forms containing Lewis' signature for a change of beneficiary on the policy issued on the life of Lewis to Ralph H. Elliott for his signature. Vance testified that at the time he presented said forms to Elliott for his signature, Elliott said that Brinley W. Lewis made him sweat a long time without signing the form and that he (Lewis) owed him (Elliott) some money and that he wasn't going to sign that form.

Dorothy Lewis, widow of Brinley W. Lewis, testified that after the death of her husband she went to the drug store and talked to Elliott about the insurance policy issued on the life of her husband. She stated that she told Elliott that her husband had told her about a conversation which he had had with Elliott a few weeks before his death; that Brin had gone to the drug store and asked him why he didn't complete the papers on the changing of the beneficiary of the Lewis insurance policy. She then testified as follows: "I told Ralph he had told me about the conversation that they had a few weeks earlier and that Ralph had said at that time he was going to make Brin sweat, and would stall around completing the papers and Brin said, 'What if something would happen,' and Ralph said 'Dorothy will get the money anyway.' Ralph didn't say anything, but his face got quite red."

The trial court, as the trier of the facts, had the right to draw all reasonable inferences from the fore-

going uncontradicted testimony and in connection therewith consider the fact that although the appellant, Ralph H. Elliott, was present in court and testified as a witness, he did not deny, or attempt to deny, or offer any explanation, as to the testimony given by the witnesses, Vance and Dorothy Lewis, as heretofore narrated. Therefore, we hold that there is sufficient evidence in the record to sustain the finding of fact made by the court in special finding of facts No. 5 to the effect "That thereafter on the 16th day of January, 1942, Brinley W. Lewis and Ralph H. Elliott, dissolved partnership of Brinley W. Lewis and Ralph H. Elliott, and *each of said partners divided the insurance policies referred to in Finding No. 2, hereof, between them and each took the policy issued on his life.*" (Our italics.)

Counsel for appellant conceded upon oral argument that the above quoted finding was the finding of an ultimate fact and, if sustained by evidence, was sufficient to support the allegations and theory of the second paragraph of the cross-complaint of appellee administratrix, but counsel vigorously contended that the evidence was insufficient to support said finding of fact, with which contention we cannot and do not agree.

It is well settled in Indiana that a policy of insurance is a chose in action with which the insured can do with or dispose of, as he pleases, in the absence of prohibitory legislation or contract stipulations. The policy has all of the characteristics of personal property and can be delivered and transferred as other personal property. The two policies of insurance constituted a part of the partnership assets at the time of the dissolution of the partnership. Therefore, the two partners had the clear legal right to make an oral agreement to the effect that, upon the dissolution of the part-

nership, each partner should take and keep as his own personal property the policy of insurance issued upon his own life. *Oleska, Administrator* v. *Kotur* (1943), 113 Ind. App. 428, 442, 48 N. E. (2d) 88; *Brown* v. *Farmers' State Bank* (1919), 70 Ind. App. 182, 123 N. E. 224; *Hay, Admr.* v. *Billeter* (1925), 83 Ind. App. 244, 148 N. E. 159; *Prudential Insurance Company of America* v. *Young* (1896), 14 Ind. App. 560, 43 N. E. 253; *McNevins* v. *Prudential Ins. Co.* (1908), 108 N. Y. S. 745.

Again, it is well settled that under certain conditions and circumstances equity will apply equitable principles to aid in completing an incomplete change of beneficiary in an insurance policy. *Modern Brotherhood* v. *Matkovitch* (1914), 56 Ind. App. 8, 15, 104 N. E. 795; *Isgrigg, Executor* v. *Schooley* (1890), 125 Ind. 94, 97, 25 N. E. 151.

Applying the foregoing principles to the special finding of facts and the conclusions of law, we are convinced that the facts as found by the court are sufficient to sustain the allegations of the second paragraph of the cross-complaint of appellee administratrix and that the court did not err in rendering any of its conclusions of law. In view of what we have said, it is not necessary to discuss other questions presented under the first and third paragraphs of the cross-complaint of appellee administratrix as the judgment must be affirmed under the second paragraph of her cross-complaint.

The judgment of the lower court is therefore affirmed.

NOTE.—Reported in 64 N. E. (2d) 911.