WOLF, PERSONAL REPRESENTATIVE *v.* WOLF ET AL.

[No. 769A125. Filed June 15, 1970. Rehearing
denied September 9, 1970.]

*Rice & Van Stone,* of Evansville, for appellant.

*Edwin W. Johnson, John L. Carroll, Charles C. Griffith, Johnson and Carroll,* of Evansville, for appellee, Dorothy Wolf.

HOFFMAN, P.J.—This appeal comes to us on the question of the effect of a divorce decree entered subsequent to the establishment of a life insurance contract, the beneficiary of which is decedent's former wife, Dorothy M. Wolf.

Trial was to the court and judgment was for plaintiff-appellee, Dorothy M. Wolf. From the overruling of her motion for a new trial appellant, as personal representative of the deceased, brings this appeal. The insurance company has taken the position of stakeholder.

The life insurance policy involved is in the face amount of $5,000 issued by The Order of United Commercial Travelers of America, Policy No. 424177AA (hereinafter referred to as "policy").

The policy was issued approximately three years before the deceased and appellee were divorced. Appellee's former husband died approximately three years after the divorce. For the entire period of approximately six years appellee was the named beneficiary of the proceeds of the policy.

The record reveals that a representative of the insurance company, after the date of the divorce, brought to the attention of the deceased the fact that appellee, his "ex-wife", was still the named beneficiary on the policy. The deceased stated that "he wanted them left as they were."

At the time of the divorce a property settlement was entered into which was incorporated into the decree.

Based upon her motion for a new trial, appellant has chosen to brief and argue only the correctness of the decision of the trial court, asserting that it is contrary to law.

Appellant contends that when the court approved the property settlement agreement and incorporated it into the divorce decree all of appellee's rights to the proceeds of the policy were terminated. Appellant also contends that the "do nothing" attitude of the deceased, his failure to change the beneficiary, did not revest title to the proceeds of the policy in appellee.

It is well-settled that a divorce decree alone will not prohibit the survivor, named as beneficiary, from taking the proceeds of an insurance policy on the life of the ex-spouse. *Farra* v. *Braman,* 171 Ind. 529, 86 N. E. 843 (1909); *Herdman* v. *McCormick,* 111 Ind. App. 169, 40 N. E. 2d 1009 (1942).

The precise question presented by this appeal is whether, because of the settlement agreement incorporated into the

divorce decree, appellee is prohibited from taking the proceeds of the policy.

The policy *was not specifically mentioned* in the settlement agreement. However, there was included within the agreement, a section which purports to encompass all personal property which was not specifically mentioned.

Section (j) of the Settlement Agreement reads as follows:

> "The said Dorothy M. Wolf to release any and all rights, interest and title in any of the residue and remainder of the household furniture and *personal property* in which she has any claim, interest or title." (Emphasis added.)

We have determined in the companion case, *Frances L. Wolf, etc.* v. *Dorothy M. Wolf,* (1970), 147 Ind. App. 251, 259 N. E. 2d 89, that appellee, by the terms of § (j), *supra,* released all of her property rights. In order to decide the proper disposition of the proceeds of this policy we must determine the status of a beneficiary to an insurance policy in Indiana.

In *Burnett* v. *Mutual Life Ins. Co.,* 66 Ind. App. 280, at 288, 114 N. E. 232, at 234-235 (1917), (Transfer denied), this court said:

> "Where no power of disposition is reserved in the insured in the ordinary life insurance policy, the beneficiary, upon the issuance and acceptance of the policy, acquires a vested right, which cannot be impaired without the beneficiary's consent. Where, however, by the terms of the policy the right is reserved to the assured to change the beneficiary at will, then the original beneficiary acquires no vested interest in the policy, and has but a mere expectancy until after the death of the assured."

In the trial court this cause was consolidated with another action involving the same parties—except for the stakeholder insurance company. Both of the respective insurance policies involved had provisions to change the beneficiary. The trial court's Finding of Fact No. 5 is as follows:

> "5.  Charles Henry Wolf died while said policies were in full force and effect, on September 23, 1967, without having

changed plaintiff as the beneficiary on the face of said policies of insurance *in any of the ways provided for in the policies."* (Emphasis supplied.)

By the very terms of this policy the deceased had reserved the right to change the beneficiary of the proceeds of the policy.

In *Fletcher* v. *Wypiski*, 120 Ind. App. 622, at 626, 94 N. E. 2d 916, at 918 (1950), this court said:

"The beneficiary named in an insurance policy, in which policy the insured reserves the right to change the beneficiary, acquires only a defeasible vested interest in ■ the policy by a mere expectancy until after the death of the insured. *Bronson* v. *Northwestern Mutual Life Insurance Co.* (1921), 75 Ind. App. 39, 129 N. E. 636; *Stewart* v. *Stewart* (1930), 90 Ind. App. 620, 169 N. E. 593."

Thus, under the law of Indiana, the beneficiary-appellee had a mere expectancy or possibility. It was not until her former husband died, without changing the beneficiary, that her interest in, or right to, the proceeds of the policy became vested. Up until the time of his death the deceased, under the terms of the policy, could have terminated the mere expectancy of appellee.

The deceased had the same rights reserved to him by statute. Acts 1935, ch. 162, § 155, p. 588, Ind. Stat. Ann., § 39-4210, Burns' 1965 Repl., reads, in pertinent part, as follows:

"Any person whose life is insured by any life insurance company may name as his payee or beneficiary any person or persons, natural or artificial, with or without an insurable interest, or his estate. Such designation at the option of the insured may be made either revocable or irrevocable, and the option elected shall be set out in and shall be made a part of the application for the certificate or policy of insurance. *When the right of revocation has been reserved, the person whose life is insured, subject to any existing assignment of the policy, may at any time designate a new payee or beneficiary,* with or without reserving the right of revocation by filing written notice thereof at the

home office of the corporation, accompanied by the policy for suitable indorsement thereon. * * *." (Emphasis supplied.)

Therefore, it is clear that the policy was the sole property of the deceased and during his lifetime he could name as beneficiary anyone he wished. The mere expectancy that arose because appellee was named as beneficiary was not a property right prior to the demise of the named insured. Only after the death of the named insured did her expectancy ripen into a vested right to the proceeds of the policy.

Appellant, in her brief, relies on *Western and Southern Life Insurance Co.* v. *Hague,* 74 Ohio L. Abs. 259, 140 N. E. 2d 89 (1956). In that case the Court of Common Pleas of Ohio held that the estate of the deceased, not the former wife, was entitled to the proceeds of the insurance policies involved. However, the case was decided on the interpretation of the settlement agreement rather than a generally accepted rule of law. The court recognized that it was not establishing a binding precedent applicable to all cases, even within its jurisdiction. The court, at 93 of 140 N. E. 2d, stated:

"The case of United Benefit Life Insurance Co. v. Price, 1955, 46 Wash. 2d 587, 283 P. 2d 119, is one of the most recent, well-reasoned opinions on the problems inherent in the present litigation. It brings the various California cases into proper focus. It recognizes that, *because of different language in each separation agreement or divorce decree, and different collateral facts, each case must be decided on its own facts.*" (Emphasis supplied.)

In the instant case appellee had no power over the disposition of the policy or the proceeds of the policy prior to the insured's death. In *Elliott* v. *Metropolitan Life Ins. Co.,* 116 Ind. App. 404, at 420, 64 N. E. 2d 911, at 917 (1946), this court stated:

"It is well settled in Indiana that a policy of insurance is a chose in action with which the insured can do with or dispose of, as he pleases, in the absence of prohibitory

legislation or contract stipulations. The policy has all of the characteristics of personal property and can be delivered and transferred as other personal property."

In *Aetna Trust, etc., Co.* v. *Nackenhorst, Rec.*, 188 Ind. 621, at 630, 122 N. E. 421, at 424 (1919), our Supreme Court said: "A mere possibility is not the subject of assignment * * *."

We conclude that appellee had a mere expectancy or possibility and not a property right, interest, or title capable of being construed within the general term "personal property" as used in the settlement agreement. This expectancy, therefore, was not included within the terms of § (j), *supra*, of the property settlement. Because appellee's right to the proceeds of the policy did not vest until the death of decedent, § (j), *supra*, of the property settlement has no effect on such policy.

Because appellee did not have a vested right to, or interest in, the policy prior to the demise of her former husband, appellant's contention that title was not revested in appellee is beyond the scope of this case. For the reasons hereinabove set forth the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff, Sharp and White, JJ., concur.

NOTE.—Reported in 259 N. E. 2d 96.