**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Helen TALLENT, Defendant-Appellant,**

**Shelia A. Kercher, Defendant-Appellee.**

No. 283S44.

Supreme Court of Indiana.

March 9, 1983.

Michael Rosiello, Indianapolis, for plaintiff-appellee.

Michael Bullington, Good, Bertram & Bullington, Indianapolis, for defendant-appellant.

James L. Lowry, Howard, Lawson & Lowry, Danville, for defendant-appellee.

GIVAN, Chief Justice.

This case is before the Court as a certified question of law from the United States Court of Appeals, Seventh Circuit pursuant to Ind.R.App.P. 15(O).

The facts giving rise to the case originated in dissolution proceedings instituted in Hendricks Circuit Court. Appellee Kercher filed a petition for dissolution from her husband, decedent, on October 20, 1980. On November 3, 1980, the court ordered her husband be "temporarily restrained and enjoined from transferring, encumbering, and concealing or in any way disposing of any property except in the usual course of business or for the necessities of life." At the time of this order, decedent had a term life insurance policy through his place of employment, Detroit Diesel Allison. The policy had no cash surrender value. Appellee Kercher was named as beneficiary of the life insurance policy.

On November 11, 1980, decedent executed a change of beneficiary naming his mother, appellant, Tallent as beneficiary and deleting his wife, appellee, Kercher. On December 11, 1980, decedent committed suicide while the dissolution proceedings were pending. The proceeds of the life insurance policy were interpleaded into the United States District Court for the Southern District of Indiana by Metropolitan Life Insurance Company to resolve whether appellee (wife) or appellant (mother) should receive the proceeds. The District Court held for appellee (wife). Appellant (mother) then perfected her appeal to the United States Court of Appeals for the Seventh Circuit.

The precise issue as certified to us is: "Whether an insured may change the designation of beneficiary of a group life insurance policy during the pendency of a marriage dissolution proceeding in which a temporary restraining order, which restrains the insured from 'transferring ... or in any way disposing of any property except in the usual course of business or for the necessities of life,' is in effect."

The restraining order recites the provision for temporary restraining orders as set out in I.C. § 31–1–11.5–7(b)(1) [Burns 1980 Repl.].

"Property," as defined by I.C. § 31–1–11.5–2 [Burns 1980 Repl.] "means all the assets of either party or both parties, including a present right to withdraw pension or retirement benefits." In the case of *Wilson v. Wilson,* (1980) Ind.App., 409 N.E.2d 1169 at p. 1178, the Court of Appeals stated:

"However, where the pension is not present or vested in that the retiree must survive in order to receive the next periodic payment and is not entitled to receive payment on demand, the pension is not marital property which can be divided or awarded to the other spouse under I.C. § 31–1–11.5–11."

A pension plan, contingent on continued employment is likewise not a marital asset. *Wilson, supra.* The Court of Appeals has held military retirement benefits, contingent upon the retiree's continued survival or amount of other income, were not "property" subject to distribution. *Sadler v. Sadler,* (1981) Ind., 428 N.E.2d 1305; *Hiscox v. Hiscox,* (1979) Ind.App., 385 N.E.2d 1166. The case of *McCarty v. McCarty,* (1981) 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589, bars distribution of military retirement benefits in dissolution proceedings.

■ We similarly hold the group term insurance policy in the case at bar is excluded from the statutory definition of property. The policy had no present value. While in *In Re Marriage of McDonald,* (1980) Ind.App., 415 N.E.2d 75, a life insurance policy was termed an asset and was awarded to one of the parties, that policy had a cash surrender value. In the case at bar, the policy had no such value. The policy as a benefit of employment, was undoubtedly contingent on continued employment. Payment of policy proceeds was contingent on the insured's death. Because there was no present right to withdraw or to receive any benefits, the policy was not property under the statute. Therefore, the policy did not

fall within the order restraining decedent from "transferring . . . or in any way disposing of any *property.*"

■ Decedent, by changing the designated beneficiary to his mother, appellant Tallent, exercised a statutory right. I.C. § 27–1–12–14(a) reads:

"(a) Any person whose life is insured by any life insurance company may name as his payee or beneficiary any person or persons, natural or artificial, with or without an insurable interest, or his estate. Such designation at the option of the insured may be made either revocable or irrevocable, and the option elected shall be set out in and shall be made a part of the application for the certificate or policy of insurance. When the right of revocation has been reserved, the person whose life is insured, subject to any existing assignment of the policy, may at any time designate a new payee or beneficiary, with or without reserving the right of revocation, by filing written notice thereof at the home office of the corporation, accompanied by the policy for suitable indorsement thereon."

"[W]here by the terms of the policy the right is reserved by the insured to change the beneficiary at will, then the original beneficiary acquires only a defeasible vested interest in the policy, *a mere expectancy,* until after the death of the insured." *Bronson v. Northwestern Mutual Life Insurance Company,* (1921) 75 Ind.App. 39, 48, 129 N.E. 636, 639.

The companion cases of *Wolf v. Wolf,* (1970) 147 Ind.App. 246, 259 N.E.2d 96 and *Wolf v. Wolf,* (1970) 147 Ind.App. 240, 259 N.E.2d 93, presented identical issues involving the proceeds of two life insurance policies. When decedent (husband) and appellee (wife) were divorced, their settlement agreement was incorporated into their final decree. One term of their agreement released any interest and title wife had in personal property in which she had any claim, interest or title. Subsequent to the divorce decedent declined to remove his exwife as beneficiary. Upon decedent's death some three years later, his personal repre-

sentative, appellant, brought suit claiming appellee ex-wife was prohibited from taking the policy proceeds because of the settlement agreement. The appellate Court concluded the first determination to be made was the status of a beneficiary to a life insurance policy in Indiana.

"[U]nder the law of Indiana, the beneficiary-appellee had a mere expectancy of possibility. It was not until her former husband died, without changing the beneficiary, that her interest in, or right to, the proceeds of the policy became vested. Up until the time of his death the deceased, under the terms of the policy, could have terminated the mere expectancy of appellee.

\* \* \* \* \* \*

"Therefore, it is clear that the policy was the sole property of the deceased and during his lifetime he could name as beneficiary anyone he wished. The mere expectancy that arose because appellee was named as beneficiary was not a property right prior to the demise of the named insured. Only after the death of the named insured did her expectancy ripen into a vested right to the proceeds of the policy." *Wolf, supra,* 147 Ind.App. at 250, 259 N.E.2d at 95.

The Appellate Court of Indiana concluded that the appellee did not have a property right, interest or title capable of being construed within the general term "personal property" in the settlement agreement. Appellee's mere expectancy or possibility was not affected by the term of the agreement because her right to the proceeds did not vest until the demise of the decedent.

This proposition is supported by *Succession of Jackson,* (1981) La.App., 402 So.2d 753. In that case, the decedent filed suit for separation from bed and board. A preliminary injunction ordering both parties not to dispose of their community property was issued against both parties. At the time of the separation decedent's wife was the named beneficiary on two group term life insurance policies and an annuity contract. Approximately a year and a half later, decedent obtained a Haitian divorce

and remarried. Decedent changed the beneficiary on all three policies to his present wife.

The Court of Appeal of Louisiana first addressed whether the community that formerly existed between the decedent and his ex-wife owned the term life insurance policies as well as the proceeds. Two forms of ownership were identified: ownership of the policy and ownership of the proceeds. The Court further delineated the benefits enjoyed by both types of owners. The policy owner is entitled to exercise life-time benefits according to the terms of the policy. The right to cash surrender value, to receive dividends, to assign or pledge policy proceeds, to borrow against the policy are typically life-time benefits held by the owner of the policy. The owner of the proceeds, the designated beneficiary, is exclusively entitled to the proceeds which accrue at the insured's death. Louisiana being a community property state, the Court determined the ownership of the policies belonged to the community existing between the decedent and his former wife. These parties were entitled to all of the life-time benefits which terminated at the decedent's death. However, the decedent's wife at the time of his death, as the named beneficiary, was the sole owner of the proceeds of the policies.

Given the facts that the decedent retained the authority to change the beneficiary and that the proceeds of the policies were not a marital asset, the Court further reasoned the proceeds did not fall within the injunction restraining the parties from disposing of the community property. Thus, the decedent's right to change his beneficiary was not impeded by the lower court's order.

In the case at bar, the appellee had, prior to the change in beneficiary, a mere expectancy in the proceeds. Had there been life-time benefits associated with the policy, such as a cash surrender value, we believe under our statutory definition of property as well as the guidance provided by *Succession of Jackson, supra,* decedent would have been precluded by the restraining order

from exercising those benefits in such a manner as to dispose of their value. However, even in that case, the restraining order would not have acted as a bar to the decedent's right to change the beneficiary of the policy.

We are unpersuaded by *Candler v. Donaldson,* 272 F.2d 374 (6th Cir.1959) relied upon by appellee. In *Candler,* the lower court ordered, *inter alia,* the decedent husband to keep in effect and pay premiums for all life insurance policies while the proceedings were pending. The court further restrained the decedent from "disposing of the property herein before mentioned." *Candler, supra* at 376. The Court stated the obvious reason for requiring the insured to continue to keep the policies in force was for the benefit of his wife and child, the named beneficiaries, until a final adjudication of the property rights was entered. To give effect to the decedent's attempt to change the beneficiary would nullify the purpose of the trial court's order. Accordingly, the proceeds were awarded to the decedent's wife and child.

While holding the trial court's order in the case at bar did not extend to the decedent's right to change beneficiary on his group term life insurance policy, there is nothing in our disposition which would prohibit a trial court from ordering a designated beneficiary to secure either child support or the division of property pursuant to I.C. § 31–1–11.5–15.

The Clerk of this Court is directed to certify copies of this opinion to Judge William J. Bauer, Judge Harlington Wood, Jr., and Judge John L. Coffey of the United States Court of Appeals for the Seventh Circuit.

All Justices concur.