**Sherry Lee QUINN, Appellant,**

v.

**Dorothy QUINN, Appellee,**

**Lincoln National Life Insurance Company, Appellee.**

No. 82A01–8604–CV–93.

Court of Appeals of Indiana, First District.

Oct. 30, 1986.

Rehearing Denied Dec. 16, 1986.

Jeffrey A. Wilhite, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Malcolm G. Montgomery, Evansville, for appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Appellant-intervening plaintiff, Sherry Lee Quinn (Sherry), appeals a judgment of the Vanderburgh Circuit Court in favor of appellee-plaintiff, Dorothy Quinn (Dorothy), awarding Dorothy the proceeds of a life insurance policy issued on the life of Wayne Quinn (Wayne) by Lincoln National Life Insurance Co. (Lincoln National).

We affirm.

### STATEMENT OF THE FACTS

Wayne purchased a life insurance policy from Lincoln National through its Evansville agency in 1975 and named his wife, Sherry, as beneficiary. In 1976, Wayne changed the beneficiary designation by adding his son, Jason, as a contingent beneficiary. Also at this time, the policy was amended so that "instead of becoming effective when endorsed on this policy, a change of beneficiary ... shall become effective when a written request for such change satisfactory to the company is received at its home office." Lincoln National's home office is located in Fort Wayne.

In May 1985, Sherry filed for a dissolution of her marriage to Wayne. On June 26, Wayne went to the Evansville office of Lincoln National and completed a change of beneficiary form, naming his mother, Dorothy, as sole beneficiary. Wayne returned home and, less than an hour later, committed suicide.

Dorothy filed suit against Lincoln National, seeking the life insurance proceeds. Subsequently, Sherry intervened as a plaintiff in order to assert her claim. A bench trial was held on November 26, 1985. Sherry argued that, since Wayne had a

history of emotional instability, he lacked the requisite mental capacity to execute a valid change-of-beneficiary amendment. Sherry also argued that Wayne had not complied with the policy requirements concerning a change of beneficiary because he committed suicide before the amendment was received by Lincoln National at its home office in Fort Wayne. Therefore, since her interest in the proceeds vested at the time of Wayne's death, any subsequent change of beneficiary was ineffective.

In response, Dorothy asserted that Wayne had substantially complied with the change of beneficiary requirements; a former Lincoln National agent testified that he had never known the company to deny a requested change of beneficiary. Two of Wayne's friends, who had talked with Wayne the day he died, testified in support of Dorothy's assertion that Wayne was in control of his mental faculties on June 26.

On December 17, 1985, the trial court, having found that Wayne "had done all things that he could do to effect a valid change of beneficiary and that only ministerial matters were to be completed, ..." awarded the proceeds, $22,439.60, to Dorothy. Sherry filed a motion to correct error on February 5 of this year, which was denied on February 25. Sherry then instituted this appeal.

## ISSUES

The issues are as follows:
I. Whether the trial court erred in finding that Wayne substantially complied with the requirements of the insurance policy concerning a change of beneficiary.
II. Whether the trial court erred in inferentially finding that Wayne was mentally competent to execute a change of beneficiary amendment.

## DISCUSSION AND DECISION

### ISSUE I: *Substantial Compliance*

Sherry argues that, because the policy stated that a change of beneficiary became effective only upon receipt by Lincoln National at its home office in Fort Wayne, Wayne's decision to commit suicide before the receipt requirement could have been met demonstrates that he did not do all that he could to allow that change to take effect. She cites a case, *Kaplan et al. v. Metropolitan Life Insurance Co. et al.* (1942), 20 N.J.Misc. 430, 29 A.2d 143, in support of this proposition.

■ Sherry correctly asserts that a beneficiary's interest vests at the time of death of the insured. *Wolf v. Wolf* (1970), 147 Ind.App. 240, 259 N.E.2d 93. She is also correct in stating that a beneficiary has a right in the executed insurance contract, which is subject to defeat only by a change of beneficiary which has been executed in accordance with the terms of the insurance contract. *Holland v. Taylor* (1887), 111 Ind. 121, 12 N.E. 116; *Cook v. Equitable Life Assurance Society of U.S.* (1981), Ind.App., 428 N.E.2d 110, *trans. denied.* However, the rule recognizes substantial compliance with the requirements of the policy as being sufficient to change a beneficiary so long as the insured has done everything within his power to effect such a change. *Cook, supra.* Whether an insured has done everything within his power is a question of fact. *Borgman v. Borgman* (1981), Ind.App., 420 N.E.2d 1261, *trans. denied.* The case at bar presents a far stronger factual basis for finding substantial compliance than the situation that existed in *Borgman,* where we determined the evidence to be sufficient.

■ The trial court found that Wayne had done everything within his power to effect a valid change of beneficiary and that only "ministerial matters" remained. We agree.

The facts as related above reveal that Wayne went to the Evansville office of Lincoln National, where he had originally purchased the policy, and filled out the change-of-beneficiary form. The form is complete and bears the signatures of two witnesses, in addition to Wayne's. All that remained was to send the completed form to Lincoln National's home office in Fort

Wayne; there was nothing more required of Wayne. The facts of the instant case differ from the situation where an insured, despite having ample time and opportunity to comply with the policy requirements, attempts to ·change a beneficiary only by a holographic will, which was rejected in *Cook, supra,* or where the insured makes a ·mere oral request to change the beneficiary, which was held not to be substantial compliance in *Hoess v. Continental Assurance Co.* (1960), 130 Ind.App. 562, 164 N.E.2d 125.

The instant case also differs significantly from the case cited by Sherry, *Kaplan, supra.* In *Kaplan,* the insured called the insurer's agent and left instructions for the agent to "call for the beneficiary forms and policy." The agent did not do so, and the insured committed suicide still in possession of the executed forms. The New Jersey Supreme Court held that the doctrine of substantial compliance did not apply because the insured had not done everything within his power, in that he "could have sent the papers to the company with the policy or taken them in person." *Id.* 29 A.2d at 144. Here, Wayne completed the necessary form at the office of Lincoln National's agent, and left it with the agent.

Moreover, we have noted that, although the substantial compliance doctrine does not exist for the exclusive protection of insurance companies, clearly they have an interest, for their own protection, in requiring that certain procedures be followed in order to pay the benefits to persons properly entitled to them. *Cook, supra.* Because Wayne substantially complied with the requirements for changing the beneficiary, this consideration is satisfied. Lincoln National has raised no objection to the trial court's ·finding of substantial compliance.

We believe the trial court correctly determined that Wayne substantially complied with the policy requirements concerning a change of beneficiary.

ISSUE II: *Mental Competency*

Sherry also argues that the trial court erred in finding that Wayne had the mental competency to execute a change-of-beneficiary amendment.

 The evidence regarding Wayne's mental competency was in conflict. Sherry testified that, at times, Wayne would behave like a "monster," but two of Wayne's long-time friends talked with him the day he committed suicide and testified that he seemed in control of his mental faculties. In effect, Sherry asks us to reweigh the evidence and rejudge the credibility of the witnesses. This we will not do. *See Fitch v. State* (1974), 160 Ind.App. 697, 313 N.E.2d 548.

For the above reasons, we affirm the judgment of the trial court.

Judgment affirmed.

ROBERTSON and STATON, P.JJ. (sitting by designation) concur.