**Marcella ENGELKING and Melinda Engelking, Appellants,**

v.

**The ESTATE OF Lowell Eugene EN-GELKING II, and Deborah Engelking, as Personal Representative of the Estate of Lowell Eugene Engelking, II, Deceased, Appellees.**

No. 03A01–9707–CV–200.

Court of Appeals of Indiana.

Nov. 12, 1997.

Allen E. Goltra, Nashville, for Appellants.

William G. Garber, Columbus, for Appellees.

## OPINION

ROBERTSON, Judge.

Marcella and Melinda Engelking [Mother and Sister] appeal the decision of the probate court that certain life insurance proceeds passed into the Estate of Lowell Eugene Engelking, II [Decedent]. We reverse.

### FACTS

The operative facts are not disputed. Marcella and Melinda Engelking are the Decedent's mother and sister respectively. Mother, Sister, and Decedent formed a business partnership in which Mother owned a 2/3 interest, and Sister and Decedent each owned a 1/6 interest. The partnership purchased a life insurance policy which insured the life of the Decedent and which named the partnership as the only beneficiary. Ultimately, the partnership was named as the owner of the policy. The insurance company which issued the policy went into receivership and the partners were under the impression that the policy had become worthless.

On June 28, 1995, the partners entered into a written agreement to dissolve, terminate, and wind up the affairs of the partnership which provided in pertinent part as follows:

Each party understands, agrees and covenants that they have not created or caused to be created any liabilities against the partnership . . .

Each party agrees that there are no assets of the partnership with the exception of cash.

Each party understands and agrees that loans and/or unearned draws of money have been made to members of the said partnership and further agree that any such loans or draws shall be forgiven and each party hereby forgives and releases all other parties hereto from repayment of any such draws or loans.

Each party understands and agrees that contemporaneously with the execution of this agreement the remaining assets of the partnership will be divided equally between each member and with said asset division the said partnership will be dissolved, terminated and its affairs wound up finally and the said partnership will no longer exist.

No provision was ever made regarding the disposition of the life insurance policy.

Decedent died on April 10, 1996. The insurance company, no longer in receivership, honored the claim on the policy and paid $35,057.34 of life insurance proceeds into the court pending the outcome of this litigation.

Mother and Sister, as the surviving former partners, claimed that they were entitled to the proceeds because the partnership had been the named beneficiary as well as the owner of the policy. The trial court disagreed and determined that all the proceeds should pass into Decedent's estate.[1] This appeal ensued. Additional facts are supplied as necessary.

### DECISION

As stated in *Iemma v. Adventure RV Rentals, Inc.*, 632 N.E.2d 1178, 1182 (Ind.Ct.App.1994):

An insurance policy is a contract. Thus, it is subject to the same rules of interpretation as are other contracts.

632 N.E.2d at 1182. Contract construction is generally a question of law for the court.

---

1. It would appear that the trial court was under the mistaken impression that the Decedent was the *owner* of the policy and, therefore, under the provisions of the policy, *infra*, the proceeds were to be paid to Decedent's executors or administrators. However, as noted above, the partnership was the *owner* as well as the beneficiary of the policy.

*First Federal Savings Bank v. Key Markets,* 559 N.E.2d 600, 603–604 (Ind.1990). The primary and overriding purpose of contract law is to ascertain and give effect to the intentions of the parties. *Piskorowski v. Shell Oil Co.,* 403 N.E.2d 838, 844, (Ind.Ct. App.1980).

The insurance policy involved in the present case read, in pertinent part, as follows:

> **Beneficiary.**——Unless otherwise provided, the proceeds of this policy payable at the death of the insured shall be paid equally to such of the *designated beneficiaries as may be living at the death of the insured,* in the following order:
>
> (1) the primary beneficiaries,
>
> (2) the first contingent beneficiaries, if any, provided none of the primary beneficiaries are living at the death of the insured,
>
> (3) the second contingent beneficiaries, if any, provided none of the primary and first contingent beneficiaries are living at the death of the insured,
>
> *(4) the owner, or the executors or administrators of the owner,* if none of the primary, first contingent and second contingent beneficiaries are living at the death of the insured.

(Emphasis added). As noted above, the partnership had been named as the beneficiary as well as the owner of the policy. Therefore, under the policy, the proceeds were to be paid to the partnership or its "executors or administrators." The problem, however, is that the partnership had been wound down and was no longer in existence at the time of Decedent's death.

■ Equity always attempts to get at the substance of things, and to ascertain, uphold, and enforce rights and duties which spring from the *real* relations of parties. *Walter v. Balogh,* 619 N.E.2d 566, 568–69 (Ind.1993). Accordingly, a court of equity has the power to require that to be done which should have been done. *Id.* at 568. Where a life insurance policy names a part-

nership which has been dissolved as the beneficiary, but the partners had agreed upon dissolution that each partner would be distributed the policy on his own life, equity will step in to change the beneficiary in order to reflect the true nature of the ownership of the policy. *Elliott v. Metropolitan Life Insurance Co.,* 116 Ind.App. 404, 64 N.E.2d 911, 917 (1946). Where a partnership is dissolved, its debts paid, and its affairs would up, undistributed partnership property belongs to the former partners as joint tenants or tenants in common. *Schnell v. Schnell,* 39 Ind.App. 556, 80 N.E. 432, 434 (1907).

■ In the present case, the life insurance policy in question (including the right to receive the proceeds thereof), was a partnership asset which, due to the mistaken impression of the partners that the policy had become worthless, was not distributed upon the dissolution of the partnership. Under these circumstances, we conclude that the former partners owned the policy as tenants in common according to their respective ownership interests in the former partnership.[2] Accordingly, we conclude that Mother is entitled to 2/3 of the policy proceeds and Sister and Decedent's Estate are each entitled to 1/6 of the policy proceeds. Therefore, we reverse and remand with instructions that the trial court distribute the policy proceeds consistent with this opinion.

Judgment reversed.

NAJAM and HOFFMAN, JJ., concur.

---

2. We hold that the partnership dissolution agreement which provided that the partners would divide the remaining assets equally has no application with respect to the insurance policy or its proceeds because the agreement expressly provided that there were no assets to be distributed other than cash and, thus, the distribution of the policy was outside the parameters of the agreement.