**Carolyn BOWERS, Third Party Defendant–Appellant,**

v.

**Robert KUSHNICK, et al., Third Party Plaintiff–Appellee.**

**No. 45S04–0111–CV–00591.**

Supreme Court of Indiana.

Sept. 11, 2002.

Ray L. Szarmach, Szarmach & Fernandez, Merrillville, IN, Attorney for Appellant.

Michael W. Bosch, Bosch & Banasiak, Hammond, IN, Attorney for Appellee.

On Petition To Transfer

DICKSON, Justice.

In this case involving a change of life insurance beneficiary executed but not delivered to the insurance company before the insured's death, the trial court granted summary judgment in favor of the prior beneficiary, and the Court of Appeals affirmed. *Bowers v. Kushnick*, 743 N.E.2d 787 (Ind.Ct.App.2001). We granted transfer, *Bowers v. Fortis Benefits Ins. Co.*, 761 N.E.2d 423 (Ind.2001), and now reverse.

The facts are not in dispute. Katherine Kushnick was the owner and named insured of a $40,000 term life insurance policy issued by Fortis Benefits Insurance Company in which she had named her husband, Robert Kushnick, as the sole beneficiary. Afflicted with terminal can-

cer, Katherine obtained and gave her sister, Jane Amrai, a blank Fortis change of beneficiary form and requested that Jane type in the names of Carolyn Bowers (Jane's daughter and Katherine's niece) and Renee Krick as replacement co-beneficiaries.[1] Katherine then signed the completed change of beneficiary form, placed it into a sealed envelope, and told Jane that "if something happens," she was to deliver it to Barbara Gilbertson, who was Human Resource Assistant for the Visiting Nurses Association of Porter County, Indiana, Katherine's former employer, through whom the Fortis life insurance policy had been obtained. Katherine died five weeks later. In the course of Katherine's funeral proceedings, Jane gave the envelope containing the signed Fortis change of beneficiary form to Gilbertson, who transmitted it to Fortis. Robert submitted his claim for the insurance benefits twelve days after Katherine's death. One day later, Fortis received Katherine's signed change of beneficiary form. Renee Krick subsequently disclaimed her interest in the policy benefits. After Carolyn filed this action, Fortis interpleaded Robert, deposited the proceeds with the Clerk, and was dismissed from the case. Both Carolyn and Robert filed motions for summary judgment. The trial court granted Robert's motion, finding that Katherine did not substantially comply with the policy's change of beneficiary requirements. In her appeal, Carolyn contends that the trial court erred in granting Robert's motion for summary judgment and that it should have granted her motion.

■ In reviewing a summary judgment ruling, an appellate court applies the same standards used by the trial court. *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind.1997). Summary judgment is appropriate if the designated evidentiary matter establishes that there is no genuine issue of material fact as to a determinative issue and that a moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Progressive Ins. Co. v. General Motors Corp.*, 749 N.E.2d 484, 486–87 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the party opposing summary judgment. *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind.1997).

Robert contends that his interest in the life insurance proceeds vested upon Katherine's death and that the change in beneficiary form subsequently received by Fortis had no effect. He acknowledges, however, that his entitlement to the proceeds is subject to defeat by a change of beneficiary that was made according to the terms of the insurance contract. He argues that Katherine's attempt to change the beneficiary was insufficient under the doctrine of substantial compliance because she did not do all that was in her power to effect the change of beneficiaries. Carolyn contends that Katherine's compliance with the change of beneficiary terms of the Fortis policy was not only substantial but complete.

■ The interest of an insurance policy beneficiary vests at the time of the insured's death. *Metropolitan Life Ins. Co. v. Tallent*, 445 N.E.2d 990, 992 (Ind. 1983); *Quinn v. Quinn*, 498 N.E.2d 1312, 1313 (Ind.Ct.App.1986); *Wolf v. Wolf*, 147 Ind.App. 240, 243–44, 259 N.E.2d 93, 95 (1970). A change in beneficiary that has

---

1. Jane notes evidence that Katherine had misgivings about the Kushnicks' recent adoption of a teen-aged girl, Rebecca. Jane contends that Katherine was changing beneficiaries because she was concerned that if something later happened to her husband, then Rebecca, or Rebecca's mother, could benefit from the insurance. Robert contends that Katherine was attempting to control who would get the life insurance proceeds if Robert predeceased her.

been executed in accordance with the terms of the insurance contract, however, defeats this interest. *Holland v. Taylor*, 111 Ind. 121, 127–29, 12 N.E. 116, 119–21 (1887); *Quinn*, 498 N.E.2d at 1313; *Cook v. Equitable Life Assurance Soc'y of U.S.*, 428 N.E.2d 110, 114–15 (Ind.Ct.App.1981). When the terms of the policy have not been met, substantial compliance is an equitable doctrine employed "to aid in completing an incomplete change of beneficiary in an insurance policy." *Elliott v. Metropolitan Life Ins. Co.*, 116 Ind.App. 404, 421, 64 N.E.2d 911, 917 (1946); *see also Quinn*, 498 N.E.2d at 1313; *Borgman v. Borgman*, 420 N.E.2d 1261, 1265 (Ind.Ct.App.1981). For substantial compliance to apply, an insured must have "done everything within his power to effect such a change." *Quinn*, 498 N.E.2d at 1313.

 Contracts of insurance are governed by the same rules of construction as other contracts. *Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 243 (Ind.2000). "If the policy language is clear and unambiguous, it should be given its plain and ordinary meaning." *Eli Lilly and Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985). "Public policy requires that the insurer, insured, and beneficiary alike should be able to rely on the certainty that policy provisions pertaining to the naming and changing of beneficiaries will control except in extreme situations." *Cook*, 428 N.E.2d at 116.

 The Fortis insurance policy provided:

> Beneficiary. You may change the beneficiary at any time. Any request to name or change the beneficiary must be in writing on a form acceptable to us and signed by you. *After we receive the request at our home office, the change will take effect on the date you signed it.* A beneficiary change will be without prejudice to us for any payment we made before we receive notice in our home office.

Record at 63 (emphasis added). The italicized language has the effect of authorizing a change in beneficiary request to be received after the death of the insured, and provides that the beneficiary change will take effect on the date it was signed. If Fortis had intended that beneficiary change requests must be received before the death of an insured, there would be no reason to provide for an effective date retroactive to the date of signature. To hold that the death of the insured forecloses the right of the insured to change the beneficiary in accordance with the terms of this provision would ignore and defeat the policy provision. The clear and unambiguous language of the policy directs that a beneficiary change will be effective on the date the beneficiary change request is signed, even if it is received by Fortis after the death of the insured. The policy thus expressly provides for an exception to the general rule that interests in life insurance proceeds fully vest upon the insured's death. The issue here is whether Katherine's change of beneficiary request complied with the terms of the insurance contract.

 There is no dispute that Katherine signed a written request for a change in beneficiary using forms acceptable to Fortis, and that the request was received in the home office of Fortis. This constituted full and complete compliance with the insurance policy's provision regarding change in beneficiary, which also states that the requested change would be effective on the date signed.[2] For these rea-

---

2. We agree with Judge Robb's conclusion that when a policy allows a change of beneficiary form to be received after death, equity requires that the request be received in a reasonable time. *Bowers*, 743 N.E.2d at 792 (Robb, J., dissenting). In this case, the limits

sons, Robert's entitlement to the proceeds was defeated by Katherine's change of beneficiary made in accordance with the terms of the insurance contract. *See Quinn*, 498 N.E.2d at 1313. The issue of substantial compliance is not relevant. The doctrine is not applicable when the change of beneficiary was exercised in full and complete accord with the policy terms, as it was here.

For these reasons, the trial court erred in granting Robert's motion for summary judgment. While we conclude that there is no genuine issue of material fact as to the validity and effectiveness of Katherine's change of beneficiary request, we do not address Carolyn's summary judgment contention that Renee Krick's disclaimer makes Carolyn the sole beneficiary. This issue was not addressed by the trial court because it granted Robert's motion for summary judgment.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, J., dissenting.

I agree with the majority that the doctrine of "substantial compliance" is not relevant here and that the trial court erred in granting Robert's motion for summary judgment. However, I believe that a genuine issue of material fact as to the validity and effectiveness of Katherine's change of beneficiary request remains.

As both the majority and Court of Appeals point out, the interest of an insurance policy beneficiary at the time of the insured's death is defeated by a change of beneficiary form executed in accordance with the terms of the policy. I agree with the majority that the change of beneficiary form at issue here meets the requirements of the policy but the policy requires that the insured "change the beneficiary." I think a question of fact remains as to whether the insured did so.

At the time the insured executed the change form, she did not direct that it be submitted to the insurer. Rather, she gave it to a caretaker with instructions to deliver it to the insurer in the event that "something happened." This instruction is, I think, subject to conflicting interpretations. If the "something" the insured referred to was her death, then I think she "change[d] the beneficiary" and Robert's claim is defeated. On the other hand, the insured might only have been asking the caregiver to hold the change form pending "something happen[ing]" prior to her death that would cause her to go ahead and direct that the form be delivered to the insurer. Under this interpretation, I do not think she has "change[d] the beneficiary."

I do not think that summary judgment in favor of either party is appropriate because I think a genuine issue of material fact remains as to whether the insured "change[d] the beneficiary."

---

of reasonable time are not tested as the request was received by Fortis only thirteen

days after Katherine's death, and Robert makes no claim to the contrary.